521 So.2d 763 (1988)
STATE of Louisiana, Appellee,
v.
Phillip BILLIOT, Appellant.
No. 19355-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1988.
*764 Hunter, Scott, Blue, Johnson & Ross by Louis G. Scott, for appellant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., Brenda M. Howell, Asst. Dist. Attys., for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The defendant Billiot was charged with two counts of molestation of a juvenile (La.R.S. 14:81.2). After a trial by jury, the defendant was found guilty of one count of attempted molestation of a juvenile, when the offender had control or supervision of the juvenile. Subsequently, the defendant was sentenced to prison for the maximum imposable term of 7½ years. He appealed his conviction and sentence, reserving four assignments of error, one of which has been abandoned.
Factual Context
The pastor of the church of which Billiot and his wife were members was the father of two boys, ages 7 and 9. The minister had counseled Billiot while the latter was serving a prison term in Angola State Penitentiary prior to his release in August 1985.
During the week of October 2, 1985 the minister and his wife attended a church conference in California. Their two young boys were allowed to remain in Ouachita Parish with the Billiots, who stayed in their pastor's residence. On one occasion during the week Billiot touched the penis of one or both of the youngsters. When the children resisted Billiot's advances he did not force himself upon them.
Some months later, while the boys and their mother were watching a television show concerning child sex abuse, one of the youngsters stated that Billiot had done something similar to the other child. When the minister approached Billiot about the allegation, Billiot admitted that he was guilty of the accusation. The men agreed that Billiot's actions would not be reported to the authorities if he would refrain from that type of conduct and begin an extensive program of counseling and Bible study. Billiot wrote out a confession as to the attempted molestation of the youngster and began extensive counseling.
Subsequently, the minister learned that Billiot had engaged in certain homosexual activities after promising not to do so, and reported the entire matter to the authorities. Billiot gave a written confession to the Ouachita Parish Sheriff's office. Charges were filed and these proceedings followed.

Assignment of Error No. 2
Defendant complains that the trial judge erred in refusing to declare mistrials after witnesses volunteered information about the defendant's criminal record and other crimes.
Upon cross-examination by defense counsel concerning defendant's joining the church some five months after his wife joined, the minister responded:
"Yea, Phil was released from prison at that time."
Defendant's request for a mistrial was rejected.
During defense counsel's cross-examination of one of the two boys, the nine year old witness answered the question as to whether defendant ever threatened him as follows:
"Well, he was a real good friend of mine and when we were in the car he tried to threaten me by saying that he would have to go to jail and I wouldn't be able to see him anymore and that that's why he went to jail before."
A motion for mistrial was denied again.
Finally, during the direct examination of the state's witness, Harpe, the defendant asserted that the attempt by the state to elicit the subject matter of an inculpatory statement made by the defendant to this witness was improper because it allowed the state to introduce other acts of alleged *765 criminal conduct with the children by the defendant and attempted crime against nature with the witness.
La.C.Cr.P. Article 771 provides:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
2) When the remark or comment is made by the judge, the district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
We note, first, that defendant did not request the court to admonish the jury to disregard the remarks by the witnesses of which defendant complains. Furthermore, the state is not responsible for testimony elicited by defense counsel implying that defendant had previously committed other crimes. Defendant cannot claim reversible error on the basis of evidence which he elicited. State v. Tribbet, 415 So.2d 182 (La.1982); State v. Kimble, 375 So.2d 924 (La.1979).
As pointed out, with reference to any statement by Harpe concerning other crimes, the defendant did not request an admonition to the jury nor was it shown that such an admonition would have been insufficient to assure a fair trial.
This assignment is without merit.

Assignment of Error No. 4
The defendant contends the trial judge erred in unduly restricting his cross-examination of the witness, Harpe, particularly with reference to attempts to impeach that witness.
Harpe had testified that the defendant discussed certain things he had done or attempted to do with the victims in this case. During cross-examination the witness was asked if, during that conversation, he also admitted some things he had done wrong. The state objected to the question, as an improper attempt to impeach the witness. The defendant argued he was attempting to show bias, interest or corruption on the part of the witness. Sustaining the objection, the trial court requested that defense counsel be more specific in his interrogation.
Defense counsel then asked Harpe if he had admitted certain criminal acts to defendant during this conversation. The state's objection to that question, again as improper impeachment, was sustained.
Later, the trial court allowed defense counsel to question Harpe concerning personal problems with his wife. However, when the witness was interrogated as to whether he had ever pulled a knife on a member of his church, the state's objection was sustained. Defense counsel then asked the witness if, during his conversation with defendant, the witness had admitted an act of incest with his younger sister. The state's objection was again sustained.
The credibility of a witness may be impeached by: attacking his general credibility, limited to general reputation, La.R.S. 15:490, 491; by showing bias, interest or corruption in the particular case, La.R.S. 15:492; by proof of a prior inconsistent statement, La.R.S. 15:493; and by evidence of conviction of a crime, La.R.S. 15:495.
The bias permitted to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular to the case. General prejudices or special biases or interests too irrelevant to or too remote to the issues of the case at trial are considered improper for impeachment purposes. State v. Robinson, 337 So.2d 1168 (La.1976).
*766 Defendant complains that he was not permitted to expose Harpe's special bias or interest in the case, but does not identify what particular bias or interest was suspected. Therefore, the trial judge did not err in sustaining the state's objection as to this line of questioning.
A general attack on the credibility of the witness, pursuant to La.R.S. 15:490, involves showing that his general reputation for truth or moral character is bad, but may not delve into particular acts, vices or courses of conduct. State v. Trosclair, 443 So.2d 1098 (La.1983). Therefore, to the extent that defendant was attempting to attack Harpe's general credibility, the trial court properly precluded questions concerning specific acts or courses of conduct.
Last, questions for impeachment purposes relating to criminal acts were properly confined to proof of criminal conviction. For these reasons, this assignment lacks merit.

Assignment of Error No. 3
The defendant argues that his sentence is unconstitutionally excessive.
Prior to imposition of sentence, in compliance with La.C.Cr.P. Article 894.1, the trial judge noted that defendant's criminal record included a conviction for aggravated crime against nature for which he received a 5 year prison sentence which was suspended. The defendant was next arrested for aggravated rape, crime against nature and simple kidnapping. He pleaded guilty to two counts of crime against nature and was sentenced to prison for 2½ years. Defendant's prior probation was revoked because of this guilty plea and he was in prison until August 1985. The offense in question was committed in October 1985.
The trial judge further considered the serious nature of this offense, particularly with reference to the emotional harm inflicted upon the young victim. It was pointed out that the 38 year old defendant had just been released from prison a few months before commission of this crime and that circumstances conducive to commission of the crime would likely occur again.
During the sentencing proceeding the defendant conceded that all of his prior offenses involved sexual misbehavior with young boys. It was deemed that any lesser sentence would deprecate the seriousness of the crime.
Considering defendant's extensive past criminal activity, consisting primarily of sexual misconduct with young boys, and the serious nature of this offense, together with the other cited factors, we do not find that defendant's sentence is excessive even though it was the maximum prison sentence that could be imposed. See State v. Brown, 410 So.2d 1043 (La.1982).
This assignment lacks merit.
Decree
For the reasons set forth, defendant's conviction and sentence are AFFIRMED.