711 So.2d 388 (1998)
STATE of Louisiana, Appellee,
v.
Robert FRITH, Appellant.
No. 30555-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1998.
*389 Robert S. Noel, II, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Susan E. Hamm, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and WILLIAMS and PEATROSS, JJ.
MARVIN, Chief Judge.
After pleading guilty as charged to the crime of sexual battery of a seven-year-old male victim in exchange for the state's dismissal of an aggravated incest charge involving another victim, Robert Frith was sentenced to serve ten years in the parish jail without benefit of parole, probation or suspension of sentence, the maximum term of imprisonment for sexual battery. La. R.S. 14:43.1. Exercising its discretion under La. R.S. 15:537 to deny or place conditions on a sex offender's eligibility for diminution of sentence for good behavior ("good time"), the trial court additionally ordered that Frith "cannot earn good time."
In his motion to reconsider sentence, which the trial court denied, and on appeal, Frith complains that the maximum sentence is constitutionally excessive and contends he should not have been denied the right to earn good time. We shall discuss Frith's complaint on appeal of the denial of good time, which is somewhat different than his complaint in the motion to reconsider in the trial court.
On this record, we affirm.

FACTS
During the month of August 1996, while baby-sitting the seven-year-old son of a female acquaintance, Frith molested the child by inserting his finger in the child's anus as the child slept. The child reported the incident to his mother a few months later, telling her that he had "cried because it hurt" and that he "was afraid of [Frith,] who told him not to tell [anyone what happened]." Our brackets. The child claimed Frith molested him again in the same manner in September 1996. Frith admitted the earlier incident but denied the latter. After the child's mother contacted police in December 1996, the child was examined by a pediatrician who found evidence of anal penetration.
The bill of information charging Frith with sexual battery alleges that the offense occurred between August 1 and September 1, 1996. Frith was then 22 years old and had prior convictions for sexual battery of a five-year-old girl in 1991, misdemeanor theft in 1993 and simple battery in April 1996, to which Frith bargained to plead after being charged with aggravated battery.
Frith initially received a three-year suspended sentence and five years' probation for the 1991 sex offense, but his probation was revoked in March 1994, after he pleaded *390 guilty to the 1993 theft and was arrested on a simple burglary charge that was later dismissed. Frith served about 14 months in jail before being released on parole in June 1995. He was still on parole when he committed the April 1996 battery and the present offense. His criminal record also includes a 1996 charge of aggravated incest involving his 15-year-old stepsister, which the state agreed to dismiss as part of Frith's plea bargain.
At Frith's sentencing in June 1997, about ten months after the offense, the victim's mother told the court:
I just wanted to state that it was rather horrific and a traumatic experience for my son. He's been ... undergoing psychological counseling and is continuing it. As a result of the trauma he ended up having five intestinal blockages because he would not eat, he would not sleep. He was afraid to defecate because of the act itself. It brought back the memories of it all.
According to the PSI, Frith dropped out of school after completing the ninth grade and has not obtained a GED. He has held only one job, doing construction work for about six months after his release on parole in 1995. He has no dependents. He received psychological counseling while on probation for the 1991 sexual battery, disclosing to his counselor, against his mother's wishes, that he and his siblings had been sexually abused by his stepfather.

DENIAL OF GOOD TIME
La. R.S. 14:43.1, the statute defining the crime of sexual battery, provides for imprisonment with or without hard labor, without benefit of parole, probation or suspension of sentence, for not more than ten years. Frith's ten-year sentence was imposed without hard labor and without benefit of p.p.s.
La. R.S. 15:571.3 generally provides that a person sentenced to imprisonment without hard labor in the parish jail may earn a diminution of sentence, or "good time," at the rate of 30 days for every 30 days in custody, by good behavior and by performing work or self-improvement activities, unless the sentencing court has denied or conditioned eligibility for good time as provided in La. R.S. 15:537. Other provisions of § 571.3 pertaining to violent offenders and to persons serving hard labor sentences are not pertinent here.
La. R.S. 15:537, enacted by Acts 1994, 3rd Ex.Sess., No. 110 and effective August 27, 1994, provides that the court which imposes a sentence of imprisonment for a stated number of years or months on a person convicted of certain sex offenses, including sexual battery, "may deny or place conditions on eligibility for diminution of sentence for good behavior" unless diminution of sentence is prohibited by other statutory provisions which are not relevant here. See also and compare La.C.Cr.P. art. 890.1, enacted in 1995 to allow the sentencing court to deny eligibility for good time when sentencing certain violent offenders. Before the enactment of La. R.S. 15:537 and La.C.Cr.P. art. 890.1, the defendant's eligibility for good time was generally a matter outside the sentencing court's discretion. See State v. Brantley, 28,542 (La.App.2d Cir. 8/21/96), 679 So.2d 472, and cases cited therein.

FRITH'S CONTENTIONS
In his motion to reconsider sentence, Frith essentially argued that the trial court's denial of his good time eligibility amounted to an ex post facto application of La. R.S. 15:537, "with the acts [to which he pleaded guilty] having been committed the prior year," apparently meaning the year before the statute was enacted. Our brackets. The latter assertion is factually inaccurate. La. R.S. 15:537 took effect on August 27, 1994, two years before Frith's crime in August 1996.
On appeal, Frith's new basis for attacking the trial court's denial of his good time eligibility under § 537 is constitutional due process. Here he complains that neither the trial court nor the state notified him, before he pleaded guilty, of the potential § 537 penalty [the trial court's discretion to deny good time], which he says is an additional penalty that is not authorized in La. R.S. 14:43.1, defining the crime.
Frith has not asserted that he was unaware of the provisions of § 537 when he pleaded guilty. He has not sought to have *391 his guilty plea set aside, here or below, and has not designated the guilty plea colloquy as part of the appellate record.[1] Frith's objection in the trial court to the denial of good time was not founded on lack of notice, but on the mistaken assumption that § 537 was not in effect at the time of this offense. In his appellate brief, Frith simply asks rhetorically, "How could one intelligently plea[d] to any offense ... not knowing that [his sentence may include] additional punishment ... beyond what is stated within the definition of the offense[?]" Our brackets.

DISCUSSION
A defendant who desires to have his sentence modified must file a motion to reconsider sentence in the trial court, asserting the specific ground or grounds on which reconsideration is sought, and may appeal the sentence only on those grounds. La.C.Cr.P. arts. 881.1, 881.2; State v. Cole, 626 So.2d 769 (La.App. 2d Cir.1993); State v. Evans, 27,183 (La.App.2d Cir. 9/27/95), 661 So.2d 600. Compare State v. Dorsey, 95-1084 (La. App. 3d Cir. 3/20/96), 672 So.2d 188, writ denied.
Appellate review is further limited by what is included in the appellate record, as designated by the appellant in light of his assignments of error. La.C.Cr.P. art. 914.1; State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir. 1985); State v. Thomas, 28,790 (La.App.2d Cir. 10/30/96), 683 So.2d 1272, writ denied.
Even should we construe Frith's objection in the trial court to the denial of good time, albeit on a different ground than the ground asserted on appeal, as sufficient to preserve the due process issue for appellate review under Arts. 881.1 and 881.2, we find no merit in that claim on this record.
Frith has not asserted that he was unaware of the potential discretionary denial of good time when he entered his guilty plea. He simply contends the state was required to notify him of its intention to seek such denial, as an additional penalty for the offense, before he entered his guilty plea. Frith attempts to analogize the potential denial of good time under La. R.S. 15:537 to the firearm enhancement provisions of La. C.Cr.P. art. 893.1, which require the state to formally move for imposition of an enhanced sentence before trial. See Art. 893.1 et seq., as amended in 1988 to comply with the pronouncements in State v. Jackson, 480 So.2d 263 (La.1985), as modified in State v. Allen, 496 So.2d 301 (La.1986).
Frith's analogy is misplaced. The notice requirements for enhancement under Art. 893.1 et seq. are founded on the fact that such enhancement requires the state to prove, by clear and convincing evidence, a fact which is generally not an essential element of the underlying offense: "that a firearm was actually used by the defendant in the commission of the felony for which he was convicted[.]" Art. 893.3.
In contrast, the denial of good time under La. R.S. 15:537 is founded solely on the fact of conviction of one or more of the sex offenses listed in the statute. The defendant in such circumstances is not required to defend against any other facts which may affect his sentence, as he is under Art. 893.3. Additionally, the denial of good time under § 537 is entirely within the trial court's discretion and need not be affirmatively sought by the state.
Frith alternatively contends that the trial court was required to notify him of its discretion to deny him good time before accepting his guilty plea. We shall assume without deciding that the discretionary denial of good time under La. R.S. 15:537 is a direct rather than a collateral consequence of a guilty plea. See and compare State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987) and State v. Wientjes, 586 So.2d 688 (La.App. 2d Cir. 1991), writ denied. Frith's argument is similar to the argument made and answered in State v. Jones, 28,929 (La.App. 2d Cir.4/2/97), 691 So.2d 858. After extensively reviewing *392 the case law in the context of a voluntary and knowing plea, we concluded:
[T]his circuit has adhered to Boykin in holding that the record must affirmatively show that defendant knowingly and intelligently waived the three constitutionally guaranteed fundamental rights and, further, understood the nature of the offense with which he was charged and the permissible penalty range for that offense.... [T]his circuit has not expressly required that the trial court explicitly enumerate the possible sentences for the offense with which defendant is charged and the eligibility of defendant for parole, probation or suspension of sentence. We have held that a record affirmatively showing that defendant understood the charge against him and was aware of the permissible penalty range for that offense is sufficient and will not render a guilty plea invalid.
28,929 at p. 8; 691 So.2d at 862. Italics in original; boldface supplied.
As mentioned, Frith has not asserted that his plea was invalid or that he was unaware of the permissible penalty range for sexual battery before he entered his guilty plea. He complains only that the trial court did not fully inform him of the potential penalties before accepting his plea. Frith has not designated the guilty plea colloquy as part of the appellate record, however. The minutes do state that Frith was advised of the maximum penalty. This record does not allow us to determine exactly what Frith was told by whom (by his attorney, by the prosecutor or by the trial court) about the possible penalties for the offense before Frith pleaded guilty. On this record, any further discussion of Frith's due process claim would be speculative.

CONSTITUTIONAL EXCESSIVENESS
Considering Frith's criminal history, the evidence of the physical and psychological harm suffered by the young victim who was entrusted to Frith's care, and the benefit Frith received from the plea bargain, we do not find the maximum ten-year sentence for sexual battery excessive by constitutional standards.
Frith has two prior convictions for offenses against the person, one for sexually battering a five-year-old girl in 1991, shortly before Frith turned 18, and the other for participating in a fight with other young men in 1996, while on parole for the 1991 crime. A misdemeanor theft conviction and a burglary arrest in 1994 caused Frith's probation to be revoked. The year he served in jail for the 1991 sexual battery did not deter him from repeating that crime on this young victim in 1996, while serving as the child's baby-sitter. By pleading guilty to this offense, Frith avoided being exposed to another five to 20 years of imprisonment for aggravated incest, La. R.S. 14:78.1, another sexual abuse charge pending against him in 1996.
The victim's mother appeared at Frith's sentencing to substantiate the statement in the PSI report that her son has suffered "some serious psychological problems" as a result of the abuse by Frith, for which he was receiving counseling, and to inform the court that Frith's conduct also caused her son to suffer physical problems which required medical care.
Frith has no dependents who would be adversely affected by his incarceration.
Under the circumstances of this record, we do not find the maximum sentence of ten years, albeit without parole and without eligibility for good time, to be shockingly disproportionate to the severity of Frith's conduct, or a needless and purposeless punishment for his crime. See and compare State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985); State v. Billiot, 521 So.2d 763 (La.App. 2d Cir.1988); and State v. Sturdivant, 27,680 (La.App.2d Cir. 2/28/96), 669 So.2d 654.

DECREE
Frith's sentence is AFFIRMED.
NOTES
[1] In his motion to designate record, Frith requested that "the sentencing colloquy be designated as the record for purposes of appeal." The court minutes of the guilty plea state that Frith was advised "of the maximum penalty that could be imposed" and that Frith "stated that he had conferred with counsel and was satisfied with representation[.]" The minutes do not otherwise reflect what was said by whom about the potential penalties for the offense.