836 So.2d 390 (2002)
STATE of Louisiana
v.
David M. KIRSCH.
No. 2002 KA 0993.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*391 Walter Reed, District Attorney, Covington, By: Dorothy Pendergast, Attorney for the State, Metairie, Counsel for Plaintiff/Appellee State of Louisiana.
Jennifer Pate, Baton Rouge, Counsel for Defendant/Appellant David M. Kirsch.
Before: KUHN, DOWNING and GAIDRY, JJ.
*392 GAIDRY, J.
The defendant, David M. Kirsch, was charged by bill of information with indecent behavior with juveniles, a violation of La. R.S. 14:81. He pled not guilty. Upon a trial by jury, the defendant was found guilty as charged. The trial court imposed a sentence of seven (7) years imprisonment at hard labor, but suspended three (3) years of the sentence. The trial court further ordered the defendant to complete a course for sex offenders upon release from imprisonment and to submit to random polygraph testing. The defendant filed a motion to reconsider sentence, which was denied. He now appeals, urging the following assignments of error:
1. The trial court erred in denying the defendant the right to present evidence of the victim's accusation and subsequent denial of prior sexual activity with her biological brother;
2. The trial court erred in denying the defendant's motion to reconsider sentence;
3. The sentence is excessive.
We affirm.

FACTS
On or about August 29, 1999, the defendant exposed the victim to a sexually explicit magazine while she was alone with him in his home. The victim was eight years of age at the time of this incident. The defendant lived in a home located on the same property as the trailer home of the victim and her family. After showing the victim several pages from the explicit magazine, the defendant then pulled down the strap of her clothing and looked at her "private parts." He then showed the victim a sexually explicit videotape. The defendant also touched the victim's vaginal area over her clothing and told her that it was beautiful and further stated, "when you are ready for it to be licked, let me know." The defendant then took the victim's hand and forced her to touch his crotch area over his clothing. When the victim informed her mother of the incident, she immediately confronted the defendant and contacted the police a few days later. The Child Advocacy Center conducted an interview of the victim. The defendant was arrested and subsequently convicted of indecent behavior with a juvenile.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant argues that the trial court erred in denying him the right to present evidence of the victim's accusation and subsequent denial of prior sexual activity with her biological brother. The defendant further submits that the trial court's failure to allow him to present such evidence was not harmless error.
In the instant case, the defendant attempted to present evidence to show that the victim made prior false statements concerning sexual activity between herself and her biological brother. The defendant filed a motion to compel the production of documents in an attempt to gain access to the victim's school records and the records of the Office of Community Services (O.C.S.) in order to obtain information regarding the allegations of sexual behavior between the victim and her brother. During a pretrial hearing, the defendant submitted that since O.C.S. did not maintain records concerning the contention by the victim regarding sexual behavior with her brother, they must have determined the contention to be unfounded or false. The state argued that there was no false allegation, but rather a report at school of consensual sexual activity between the victim and her brother. The state further argued that the fact that O.C.S. was not contacted did not indicate that the activity *393 never occurred or that the allegations were untrue. The trial judge ruled that such information regarding sexual contact between the eight-year-old victim and her nine-year-old brother was irrelevant and inadmissible.
During the trial, the judge allowed the defendant to proffer the testimony of Joseph Stuiee, who was a counselor at Nacogdoches Boys and Girls Club when the victim attended camp there. According to Stuiee's testimony, several children informed him that the victim had stated that she and her brother had engaged in sexual intercourse. When Stuiee confronted the victim, she stated that she had not made such statements and that it was not true. Stuiee further testified that he met with the victim and her mother to discuss the matter. He stated that during this meeting, the victim's mother gave him the impression that the victim had previously lied about such matters. However, the victim's mother testified that she did not recall making any statements which would lead Stuiee to believe that her daughter told lies. She also testified that she never received any calls from teachers or school counselors about her daughter lying in school. Following the proffer of Stuiee's testimony, the trial court ruled that the defendant could only question Stuiee as to the victim's reputation for truthfulness and did not allow the defendant to question him regarding the specific allegations of sexual contact between the victim and her brother.
The Louisiana Supreme Court has held that a defendant may present evidence for impeachment purposes pursuant to La. Code Evid. art. 607(C) that a victim "made false allegations regarding sexual activity." State v. Smith, 98-2045, pp. 3-5 (La.9/8/99), 743 So.2d 199, 201-203. In State v. Smith, the defendant was convicted of attempted indecent behavior with a juvenile. During trial, the defense counsel cross-examined the victim's mother's friend regarding similar accusations the victim had made against her cousin and then allegedly recanted. The state thereafter moved to prevent any further such questioning in accordance with La.Code Evid. art. 412. The court held that La. Code Evid. art. 412, the so-called "rape shield statute," which prohibits the introduction of evidence of the victim's past sexual behavior, does not preclude the introduction of evidence of the victim's prior false accusations for impeachment purposes. Smith, 98-2045 at pp. 3-6, 743 So.2d at 201-203. The court concluded that when a defendant seeks to introduce evidence that the victim made prior false allegations of molestation, the issue is one of credibility, and La.Code Evid. art. 412 is inapplicable. The Smith court stated:
When a defendant seeks to introduce evidence that the victim has made such prior false accusations, the trial judge must evaluate that evidence by determining whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations and whether all other requirements of the Code of Evidence have been satisfied.
State v. Smith, 98-2045 at p. 7, 743 So.2d at 203-204.
Thus, two requirements must be satisfied before evidence of prior sexual activity can be admitted for impeachment purposes, assuming this evidence is otherwise admissible. First, the activity must be of a sexual nature. Second, there must be evidence the statement is false. State v. Richard, 01-1112, p. 4 (La.App. 1st Cir.2/15/02), 812 So.2d 737, 739, writ denied, 02-1264 (La.11/22/02), 829 So.2d 1038.
We find, in the instant case, that the trial court properly applied State v. *394 Smith and did not err in ruling the evidence concerning sexual behavior between the victim and her brother inadmissible. Furthermore, the trial court did not err in ruling that there was insufficient admissible evidence that the victim made false allegations regarding sexual activities. The trial judge is in the best position to determine if the evidence to be offered is for impeachment purposes or solely to prejudice the jury's view of the victim based on unsupported allegations. The trial court reviewed the school records and determined that there was no reasonable probability that the victim had made prior false allegations. According to the trial judge, the victim's school records indicated that the victim had claimed to have had sexual intercourse with her brother, but did not contain anything which would suggest that such information was false.[1] The victim did not relate the occurrence of the incident to Mr. Stuiee. Mr. Stuiee's testimony was hearsay evidence based upon other children's statements concerning the occurrence of the incident between the victim and her brother. The defendant failed to produce sufficient admissible evidence such that reasonable jurors could find that the victim had made a prior false accusation. It is the duty and the responsibility of the trial judge to act as a gatekeeper in balancing the admissibility of evidence under La. C.E. arts. 412 and 607(c). This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
In his second and third assignments of error, the defendant contends that the trial court erred in denying his motion to reconsider sentence and in imposing an excessive sentence. The defendant argues the imposition of the maximum sentence allowed by law was improper since he had no prior criminal history and since the conduct for which he was convicted consisted of a one time event of fondling over the clothing of the victim and making inappropriate comments.
A punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251, 1253 (La. 1983). To determine whether a penalty is excessive, we must determine whether the penalty is so grossly disproportionate to the severity of the crime as to shock one's sense of justice. State v. Bonanno, 384 So.2d 355, 358 (La.1980). Additionally, in reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits. State v. Abercrumbia, 412 So.2d 1027, 1028-1029 (La.1982). Given compliance with the sentencing criteria of La.Code Crim. Proc. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Maximum sentences may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Gedric, 96-2262, p. 3 (La.App. 1st Cir.9/23/97), 700 So.2d 564, 566.
Upon the defendant's conviction of indecent behavior with juveniles, in violation of La. R.S. 14:81, the trial court herein imposed a sentence of seven (7) years imprisonment at hard labor, but suspended three *395 (3) years of said sentence. The sentencing range for indecent behavior with a juvenile is a fine of not more than $5,000, or imprisonment with or without hard labor for not more than seven years, or both. La. R.S. 14:81(C). We note that the defendant did not receive the maximum punishment allowed by the statute, as the court could have imposed the entire seven-year sentence without suspension, and also could have imposed a fine in an amount as high as $5,000.
The trial court thoroughly articulated its reasons for imposing this sentence. The record clearly reflects that the trial judge took into consideration all of the factors enumerated in La.Code Crim. Proc. art. 894.1 in the imposition of sentence. The trial court reviewed the facts of the case and considered the effect of the defendant's behavior on the victim, who was only eight years old at the time of the offense in sentencing the defendant.
The jurisprudence indicates that maximum, or nearly maximum, terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile. State v. Badeaux, 01-406, p. 8 (La.App. 5th Cir.9/25/01), 798 So.2d 234, 239. In State v. Hubb, 97-304 (La.App. 5th Cir.9/30/97), 700 So.2d 1103, the court held that sentences of six and one-half (6.5) and seven (7) years,[2] both without probation, parole, or suspension of sentence, were not constitutionally excessive for two defendants who had pled guilty to sexual battery and lived in the home with the ten and eleven-year-old female victims and their mother. The record reflected that both defendants had "french" kissed both of the children on several occasions, and that one defendant had exposed his genitals to both children and forced one of the children to fondle him. The record further reflected that the other defendant attempted to make one of the children fondle him, and showed the other child photographs of nude women. State v. Hubb, 97-304 at pp. 2-4, 700 So.2d at 1104-1105. The court noted that one of the defendants had no criminal history and the other had only misdemeanor offenses. Nevertheless, under these factual circumstances, the sentences imposed were not an abuse of the trial judge's discretion. State v. Hubb, 97-304 at p. 6, 700 So.2d at 1106. Likewise, in State v. Morgan, 97-997, 97-998 (La.App. 3rd Cir.2/4/98), 706 So.2d 1084, the court affirmed maximum terms of imprisonment for a defendant who pled guilty to two counts of sexual battery. These offenses arose out of the defendant's touching a twelve-year-old girl's breasts and genitals while the child was at his apartment. A similar incident occurred upon an eleven-year-old child while the defendant supervised her at his apartment. The defendant knew the victims and his pre-sentence investigation report suggests that he was sometimes entrusted with their care and supervision. State v. Morgan, 97-997 at p. 6, 706 So.2d at 1088. Finally, in State v. Frith, 98-30, 555 (La.App. 2nd Cir.4/8/98), 711 So.2d 388, the court affirmed the maximum sentence for a defendant, convicted of sexual battery, who molested "the seven-year-old son of a female acquaintance ... by inserting his finger in the child's anus as the child slept." State v. Frith, 98-30 555 at pp. 1, 8, 711 So.2d at 389, 392. Even with the maximum term of imprisonment and the denial of good time eligibility under La. R.S. 15:537, the court held that the sentence was not excessive in light of the *396 conduct in the case. State v. Frith, 98-30 555 at p. 8, 711 So.2d at 392.
We find that the trial court in this case did not abuse its discretion in imposing sentence. The victim's mother testified that she and the defendant had become very close and that he would often visit and eat meals with the family. The defendant set up Nintendo video games in the bedroom of his home and the children were free to come and play whenever they desired. The defendant established a relationship of trust with the victim and her family and then abused that relationship. Further, as noted by the trial court, there is a potential for long-term mental and psychological effects on the victim. The defendant not only fondled the victim over her clothing and made inappropriate statements, but he also exposed and viewed the victim's breasts and genital area and forced the victim to fondle his genitals. He also exposed this eight-year-old victim to pornographic material. In light of the facts of this case, we do not find the sentence imposed so grossly disproportionate to the crime committed as to shock our sense of justice. For the foregoing reasons, the defendant's second and third assignments of error are without merit.

CONCLUSION
For the above and foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
DOWNING, J., dissents and assigns reasons.
DOWNING, J., dissents and assigns reasons.
I respectfully dissent. The trial court judgment should be reversed and the matter should be remanded for new trial because the trial court excluded admissible evidence of prior false sexual allegations. From the record it appears that camp counselor Stuiee could testify that the victim confided her sexual activity with her brother to other campers and that she denied these allegations. The record also refers to other evidence of sexual activity between the victim and her brother. Reasonable jurors could infer the victim made allegations of sexual conduct and that the allegations were false. Accordingly, evidence of the victim's prior sexual conduct should have been permitted for impeachment purposes. State v. Richard, 812 So.2d 737, 739 (La.App. 1st Cir.2/15/02).
In State v. Smith, 98-2045, p. 5 (La.9/8/99), 743 So.2d 199, 202-203, the Louisiana Supreme Court discussed the application of La. C.E. art. 412 in the context of prior false allegations of sexual assault. In concluding such evidence was admissible despite the limits of La. C.E. art. 412, the supreme court stated as follows:
Here, by attempting to introduce evidence that the victim had accused her cousin of molestation and then retracted the accusation, defendant was not seeking to prove that the victim had engaged in prior sexual behavior or that she had an unchaste character. Rather, defendant sought to prove for impeachment purposes that the victim had, in the past, made false allegations regarding sexual activity. Because the evidence defendant attempted to introduce did not concern the victim's prior sexual behavior, history or reputation for chastity, we conclude that prior false allegations of sexual assault by the victim do not constitute "past sexual behavior" for purposes of our rape shield statute. We hold, therefore, that Article 412 is inapplicable in sexual assault cases where defendant seeks to question witnesses regarding the victim's *397 prior false allegations concerning sexual behavior for impeachment purposes. Consequently, no Article 412 hearing is required when defendant seeks to introduce such evidence. (Emphasis added.) (Footnote omitted.)
Id. See also Id., 98-2045 at p. 4 n. 1, 743 So.2d at 201 n. 1.
The defendant should have been allowed to introduce evidence of the child's false accusations. As stated by the majority, Smith, 743 So.2d at 203-204, holds that the trial court's evaluation is to determine "whether reasonable jurors could find, based on the evidence presented ..., that the victim had made prior false accusations and whether all other requirements of the Code of Evidence have been satisfied." The trial court appears to have abused its discretion in making credibility determinations that should have been left up to the jury. Here, reasonable jurors could find the child had made prior false accusations of a sexual nature.
Accordingly, we should reverse the trial court's judgment and remand for new trial.
NOTES
[1] The school records reviewed by the trial court are not included in the record on appeal. They were neither introduced nor proffered.
[2] La.R.S. 14:43.1 provides that the punishment for sexual battery is "imprisonment, with or without hard labor, without the benefit of parole, probation, or suspension of sentence, for not more than 10 years."