LOLLEY, J.
11 This criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. As a result of a plea agreement, the defendant, Tyrone Dewayne McFarland, Jr., pled guilty to indecent behavior with a juvenile, a violation of La. R.S. 14:81. He was subse *1151 quently sentenced to 22 years’ imprisonment at hard labor, 11 years of which to be served without benefit of parole, probation, or suspension of sentence. The defendant was also ordered to register as a sex offender. McFarland appeals his sentence, which we affirm for the following reasons.
Facts
On July 9, 2010, the mother of the 12-year-old victim K.S. contacted the Monroe Police Department to report that her daughter had been raped by McFarland on July 6, 2010. At the time, McFarland was 18 years old. The victim would later state that the act was “consensual”; however, McFarland was aware that she was underage at the time.
McFarland was charged with aggravated rape, which carries a mandatory life sentence. Pursuant to a plea agreement, McFarland was allowed to plead to the responsive charge of indecent behavior with a juvenile, where the victim was under the age of 13, a violation of La. R.S. 14:81. There was no agreement as related to the defendant’s sentence, and a presen-tence investigation was ordered. During the sentencing hearing, the trial court noted review of the presentence investigation, the entire case file, and all submissions on McFarland’s behalf, including a letter from him. The trial court also noted that the evidence had been weighed, along with all reports on the facts of the offense.
|2FoIIowing the sentencing hearing, McFarland was sentenced to 22 years’ imprisonment at hard labor, with credit for time served, 11 years of the sentence to be served without benefit of probation, parole, or suspension of sentence. He was also ordered to register as a sex offender. A timely motion to reconsider sentence was denied, and the instant appeal by McFarland ensued.
Discussion
In his only assignment of error, McFarland submits that the trial court erred by imposing upon him the sentence of 22 years at hard labor. He argues that the sentence will entail a hardship upon him and his family. McFarland also notes that he accepted responsibility for his actions, expressed remorse, and apologized. The defendant contends that the near-maximum sentence for a first felony offender is unconstitutionally excessive, and the reduced charge of indecent behavior is more descriptive of the crime than aggravated rape. We disagree.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not |srigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, *1152 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
 Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
UThe applicable sentencing of La. R.S. 14:81 provides:
[wjhoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
During McFarland’s sentencing hearing, the trial court carefully noted the presen-tence investigation information as well as the factors of La. C. Cr. P. art. 894.1. The trial court noted McFarland’s young age as well as the facts of the offense. While McFarland argues that his incarceration will pose a hardship on his family, no evidence was presented during sentencing that would suggest what type of hardship would be caused by his imprisonment. Nothing in the record clearly identifies additional mitigating factors that should have been considered by the trial court.
McFarland argues that the facts of this case are more aligned with the elements of indecent behavior than rape. The record shows that at some point during the proceedings McFarland justified his actions by stating his belief that the victim was 16 and consented to the sexual act. Notably, La. R.S. 14:81 specifies that the “lack of knowledge of the child’s age shall not be a defense.” In this case, the very young age of the victim cannot be lightly overlooked. It is likely that she will be affected by this crime far longer than the amount of time McFarland will serve in prison. Given McFarland’s history, including his juvenile criminal history as well as the pending charges, this sentence, greatly reduced from the possible life sentence for his charge of aggravated rape, is appropriate in this instance. | sWhile this sentence is in the high range, there is no showing that the trial court abused its discretion in the imposition of the sentence. Considering these factors, McFarland’s 22-year sentence is not grossly disproportionate to his crime, nor is it nothing more than a purposeless and needless infliction of pain and suffering, despite McFarland’s young age. So considering, this assignment is without merit.
Conclusion
For the foregoing reasons, the conviction and sentence of Tyrone Dewayne McFarland, Jr. are affirmed.
AFFIRMED.