NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1155

STATE OF LOUISIANA

VERSUS

MICHAEL A. ADLER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 28479-10
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

AFFIRMED AND AMENDED WITH INSTRUCTIONS.

John F. DeRosier
District Attorney
Fourteenth Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Michael A. Adler**

**PETERS, J.**

The State of Louisiana (state) initially charged the defendant, Michael A. Adler, with one count of aggravated rape, a violation of La.R.S. 14:42(A)(4), and two counts of aggravated incest, violations of La.R.S. 14:78.1. The defendant entered into a plea agreement with the state wherein the state agreed to amend the aggravated rape charge and one of the two counts of aggravated incest to indecent behavior with a juvenile, violations of La.R.S. 14:81(A)(1), and to dismiss the other count of aggravated incest. In exchange, the defendant entered guilty pleas to the two new charges pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).[1] Thereafter, the trial court sentenced him to serve two concurrent twenty-five-year hard labor sentences without the benefit of probation, parole, or suspension of sentence. The trial court then suspended five years of each sentence and ordered that the defendant serve five years of supervised probation when released from prison. The trial court subjected this five-year probationary period to numerous specific conditions of probation. In his sole assignment of error, the defendant asserts that his sentences are excessive. For the following reasons, we affirm the sentences in all respects, but remand the matter to the trial court with instructions to correct the trial court minutes in certain respects.

## FACTUAL BASIS FOR THE PLEAS

The record before us establishes that the defendant forced a child under the age of thirteen, who is related to him in one of the categories set forth in La.R.S. 14:78.1(A), to masturbate him and perform oral sex on him on several occasions between the dates of October 27, 2007, and October 26, 2009.

---

[1] Such a plea is commonly referred to as an "*Alford* plea" and allows a defendant to plead guilty while maintaining his innocence.

**ERRORS PATENT**

Pursuant to La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. In reviewing the record now before us, we find two such errors that require addressing.

As part of the sentencing process, the trial court specifically denied the defendant any eligibility for diminution of sentence for good behavior. The trial court did so based on the specific language of La.R.S. 15:537. However, in *State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135, the supreme court held that a court could not deny eligibility for diminution of sentence for good behavior. Instead, the supreme court stated that, "[t]he provisions of La.R.S. 15:537(A), *see also* La.R.S. 15:571.3(B)(2)(b), do not form part of the sentence that La.R.S. 14:42(D)(1) requires the trial judge to impose but are directives to the Department of Corrections in computing an inmate's sentence[.]" *Id.* at 1136. In compliance with the supreme court's mandate in *Prejean*, we amend the defendant's sentence to strike the provision denying eligibility for diminution of sentence for good behavior. Additionally, we remand the matter to the trial court for the amendment of the court minutes to reflect this correction.

Additionally, the trial court minutes erroneously set forth the trial court's ruling relative to one element of the defendant's sentence. The court minutes state that as a condition of probation, the trial court ordered the defendant to pay the victim's counseling fees. However, the sentencing transcript establishes that the trial court stated only that "[h]e will pay counselling [sic] fees, if they are to be presented to the Court and a contradictory hearing had showing that there are some costs that have been incurred by the victim in this matter." Thus, the trial court did not definitively impose the payment of counseling fees as a condition of probation.

2

Accordingly, we remand to the trial court to correct the court minutes to accurately reflect the sentencing transcript.

## ASSIGNMENT OF ERROR

Louisiana Revised Statutes 14:81(H)(2) provided that the incarceration range for a conviction for indecent behavior with juveniles where the victim is under the age of thirteen is "not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence." Thus, the defendant received the maximum incarceration sentence for the offenses to which he pled guilty. The defendant asserts that these sentences are constitutionally excessive.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124*, writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

Additionally, this court has adopted the approach of the fifth circuit as set forth in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183, to the effect that there are three factors that the appellate court should consider in reviewing the trial court's sentencing discretion: (1) the nature of the offense; (2) the nature/characteristics and

background of the offender; and (3) sentences imposed by the same trial court or other courts for similar offenses. *See State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writs denied*, 07-302 (La. 11/9/07), 967 So.2d 496; 07-1116 (La. 12/7/07), 969 So.2d 626. In reviewing these factors as they apply to this case, we find that the record supports a finding of no abuse of discretion on the part of the trial court.

In considering these factors, we are also mindful of the holding in *State v. Pugh*, 40,287, p. 2 (La.App. 2 Cir. 11/2/05), 914 So.2d 1183, 1185, where the court stated the following in regards to maximum sentences:

> Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.

Additionally, in *State v. Badeaux*, 01-406, p. 8 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414, the court explained that in situations where a defendant holds a position of trust with the juvenile victim, that factor may be taken in consideration in evaluating an excessive sentence claim.

> Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. *State v. McCorkle*, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212, 1218. However, the jurisprudence indicates that maximum, or nearly maximum terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile.

### *The Nature of the Crime*

Much of the information used by the trial court in sentencing the defendant was derived from the Presentence Investigation Report (PSI). That document reflects that the sexual abuse began when the victim was eleven years of age, and

that during these incidents of sexual abuse the defendant would touch and kiss the victim's breasts and touch her buttocks and also threatened to hurt her mother if she told anyone what he was doing. The victim only informed her grandmother of the sexual abuse at a time when her mother was in jail, thinking that her mother would be safe from the defendant at that time. Considering that the defendant's actions constituted clear exploitation of a position of trust between an adult caretaker and an exceptionally young child, the offense can only be described as heinous.

### *The Nature/Characteristics and Background of the Offender*

The defendant was forty years old at the time of sentencing, and had a ninth grade education. He claimed that his father was an alcoholic who physically abused him and that he left his parents' home when he was sixteen years old. Although he entered a plea to the offenses, he claimed in the PSI that the victim fabricated the allegations because of her jealousy toward his fiancé's children. The defendant has no prior misdemeanor or felony convictions.

### *The Sentence Imposed for Similar Crimes by the same Court and other Courts.*

In *State v. McFarland*, 47,053 (La.App. 2 Cir. 5/16/12), 92 So.3d 1149, the eighteen-year-old defendant who raped a twelve-year-old victim received a twenty-two year hard labor sentence for his guilty plea to indecent behavior with a juvenile.[2]  He had initially been charged with aggravated rape. On appeal, he asserted that the sentence was excessive. The second circuit affirmed the sentence, and in doing so noted specifically the benefit the defendant received from the plea agreement that reduced the charge from aggravated rape.

---

[2] The trial court ordered that eleven years of the sentence be served without benefit of probation, parole, or suspension of sentence.

In *State v. Badeaux*, 798 So.2d 234, the forty-nine-year old defendant appealed his sentences after being convicted of sexual battery (ten years at hard labor) and indecent behavior with an eight-year-old juvenile (seven years at hard labor). At the time he was sentenced, the sentences imposed were the maximum he could receive for these offenses. The victim was an eight-year-old girl whom he invited into his home with the promise of candy.[3] The defendant exposed his penis to the victim, showed her some inappropriate pictures of himself, placed her hand in the front of his pants, and placed his finger in her vagina. The fifth circuit affirmed the sentences with reference to other similar cases:

> In *State v. Hubb*, 97-304 (La.App. 5th Cir.9/30/97), 700 So.2d 1103, this Court held that eight-year sentences were not constitutionally excessive for two defendants who had pled guilty to sexual battery and lived in the home with the 10 and 11-year-old female victims and their mother. The record reflected that both defendants had "French" kissed both of the children on several occasions, that one defendant had exposed his genitals to both children and forced one of the children to fondle him. The record reflected that the other defendant attempted to make one of the children fondle him, and showed the other child photographs of nude women. *Id*. at 1104-1105. This Court noted that one of the defendants had no criminal history and the other had only misdemeanor offenses. Nevertheless, under these factual circumstances, the sentences imposed were not an abuse of the trial judge's discretion. *State v. Hubb*, 700 So.2d at 1106.
>
> Also, in *State v. Penn*, 633 So.2d 337 (La.App. 1st Cir.1993), the court held that the maximum terms of imprisonment for indecent behavior with a juvenile were not excessive. At the time of the offense, defendant was 40 years old and was the 12-year-old victim's teacher. Over a span of several months, the defendant kissed and fondled the victim in the classroom and ultimately engaged in oral sex with the victim. The *Penn* court observed that the circumstances of the case distinguished it from the typical case of indecent behavior with a juvenile, since the defendant violated his position of trust as a teacher, and exploited that position to take advantage of the victim. *Id*. at 339-340.

---

[3] The defendant had a history of giving candy to the neighborhood children.

Likewise, in *State v. Morgan*, 97-997 (La.App. 3rd Cir.2/4/98), 706 So.2d 1084, the court affirmed maximum terms of imprisonment for a defendant who pled guilty to two counts of sexual battery. These offenses arose out of the defendant's touching a 12-year-old girl's breasts and genitals while he supervised the child at his apartment. A similar incident occurred upon an 11-year-old child at defendant's apartment.

Finally, in *State v. Frith*, 30,555 (La.App. 2nd Cir.4/8/98), 711 So.2d 388, the court affirmed the maximum sentence for a defendant who molested "the seven-year-old son of a female acquaintance . . . by inserting his finger in the child's anus as the child slept." *Id*. at 390. . . . [T]he court held that the sentence was not excessive in light of the conduct in the case. *Id*. at 390 and 392.

We find that in light of the facts of this case, the sentences imposed were not excessive and do not shock our sense of justice. Defendant established a relationship of trust with H.G. by giving her candy, then abused that relationship by molesting a vulnerable girl.

*Id*. at 239-40.

Finally, in *State v. Hilton*, 99-1239 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, *writ denied*, 00-958 (La. 3/9/01), 786 So.2d 113, the defendant was also the mother of the two victims, a five-year-old girl and six-year-old boy. The evidence established that the defendant forced her son to lie naked on her and put his penis in her vagina, fondle her breasts, and kiss her. She also forced her daughter, who was at the same time being sexually abused by her father, to watch incidents involving simulation of sexual intercourse between her brother and mother and her parents. Additionally, she watched while the father molested her daughter. She appealed the seven-year hard labor sentence she received for her conviction of indecent behavior with a juvenile, claiming that, as a first felony offender, this maximum incarceration sentence was excessive. The first circuit affirmed the sentence.

***Summary***

Louisiana Revised Statutes 14:42(D) provides that a conviction for aggravated rape carries with it a mandatory maximum sentence of "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." Louisiana Revised Statutes 14:78.1(D)(2) provides that a conviction for aggravated incest where the victim is under the age of thirteen years carries a hard-labor-incarceration sentencing range of "not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence." Thus, it is clear that the defendant received a substantial benefit from the plea agreement with the state. Given our analysis of the factors set forth in *Lisotta*, 726 So.2d 57, we find no abuse of discretion by the trial court because the defendant's sentence is not constitutionally excessive sentence. Thus, we find no merit in the defendant's assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects. We remand the matter to the trial court with instructions to amend the minutes to strike the provision denying eligibility for diminution of sentence for good behavior and to correct the minutes to accurately reflect the trial court's ruling concerning the payment of the victim's counseling fees.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.