743 So.2d 199 (1999)
STATE of Louisiana
v.
Eual Howard SMITH, Jr.
No. 98-K-2045.
Supreme Court of Louisiana.
September 8, 1999.
*200 Herbert Roman Alexander, Mandeville, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Walter P. Reed, District Attorney, Dorothy Ann Pendergast, Counsel for Respondent.
TRAYLOR, Justice.[*]
Eual Howard Smith, Jr. was convicted of attempted indecent behavior with a juvenile, a violation of La. R.S. 14:27 and La. R.S. 14:81, and sentenced to 3 years imprisonment at hard labor. The sentence was suspended and defendant was placed on five years probation subject to serving three months in parish jail. We granted certiorari to consider defendant's assertion that the trial court improperly precluded him from introducing evidence of prior false allegations of molestation made by the victim. We conclude that when a defendant seeks to introduce evidence that the victim made prior false allegations of molestation, the issue is one of credibility and La. C.E. art. 412 is inapplicable. To the extent State v. Allen, 97-1058 (La.4/30/97), 693 So.2d 728, suggests otherwise, it is overruled. Because defendant was prejudiced by the confused state of the law in this area, his conviction is reversed and the case is remanded to the trial court for a new trial to be conducted.

FACTS AND PROCEDURAL HISTORY
During the summer of 1996, the alleged victim, who was twelve years old at the time, told her mother's friend that the defendant, her grandmother's husband, had touched her in inappropriate places, on and off, for several years. The victim claimed that when she was four or five years old, defendant rubbed her "butt" while she lay on a sofa. The victim further testified that when she was about nine years old, defendant would touch her inappropriately when she slept at her grandmother's house. She stated that defendant had touched her bare breasts, kissed her bare back, and touched her vaginal area over her pants and underwear. She also stated she would wake up with her "pants undone." When the victim threatened to tell her father about the incidents, defendant stated, "I know secrets about you, and you know secrets about me; and we're not going to tell anybody." Because the victim did not claim the defendant attempted penetration in any manner, there was no physical evidence of abuse, and the outcome of trial rested entirely on her credibility.
During trial, defense counsel cross-examined the victim's mother's friend, Julie, regarding similar accusations the victim had made against her cousin and allegedly subsequently recanted. The State thereafter moved to prevent any further such questioning in accordance with La. C.E. art. 412, the so-called "rape shield statute." In response, defense counsel argued the evidence was not barred by Article 412 because the allegation was false and not of prior sexual behavior, but rather evidence of the victim's state of mind.
Relying on this court's decision in State v. Allen, 97-1058 (La.4/30/97), 693 So.2d 728, the trial judge held a hearing outside the presence of the jury "under Code of Evidence Article 412" to determine whether the victim actually made the allegations and, if so, whether such allegations were false. The defense first called the victim's mother who testified that the victim made allegations of molestation against her cousin, T.S. When asked whether the victim later retracted those allegations, the witness stated, "Not to me, no." Furthermore, she stated she had no reason to believe those allegations were false. The defense then called the victim, who claimed the accusations were true and denied retracting them. Finally, the defense called the younger brother of T.S., who was also the victim's cousin. The younger brother, M.S., testified that he, T.S., and the victim *201 played together on a regular basis. M.S. testified that when they were rollerblading, the victim said that T.S. had "touched her and all" when she spent the night with her cousins. M.S. stated T.S. denied touching the victim and the victim skated away, but returned and told T.S. she was just joking. After hearing the testimony presented, the trial judge ruled as follows:
All right. Based on the testimony that we just heard in this hearing under Code of Evidence Article 412, I find that there were no prior false allegations of sexual molestation by the victim. And pursuant to Article 412, if there were, in fact, incidents of sexual molestation, I find that specific instances of the victim's past sexual behavior are not admissible and that the exceptions of their inadmissibility under Paragraph B-1 and 2 do not apply in this case. Therefore, I will not permit any evidence of prior sexual misconduct, nor will I allow the cross-examination of the victim or evidence of prior false allegations at the trial.
The trial resumed, and defendant was subsequently convicted of attempted indecent behavior with a juvenile.
The court of appeal affirmed defendant's conviction, finding there was no abuse of discretion in the trial court's refusal to permit the presentation of evidence concerning the allegedly false prior allegations of molestation. The court stated:

Allen gives a defendant the right to cross-examine the victim and to present evidence regarding prior false allegations of sexual molestation by the victim, in the event the court determines there are prior false allegations of sexual molestation by the victim. In the instant case, the trial court dutifully complied with the hearing requirements as set forth by Allen and concluded that any prior accusations of molestation made by the victim were not false.
State v. Smith, 97-2079, p. 12 (La.App. 1 Cir. 6/29/98), 713 So.2d 1220, 1226 (emphasis in original).
We granted certiorari to address defendant's argument that defense counsel should have been allowed to present to the jury testimony and cross-examination of witnesses regarding the allegations of prior molestation, which were subsequently allegedly recanted, to impeach the victim's credibility at trial. 98-2045 (La.1/8/99), 734 So.2d 646.

DISCUSSION
As a general rule, a party may attack the credibility of a witness by examining him or her concerning any matter having a reasonable tendency to disprove the truthfulness of his or her testimony. La. C.E. art. 607(C). In cases involving sexually assaultive behavior, however, La. C.E. art. 412 bars the introduction of evidence of the victim's past sexual behavior, except that evidence of the victim's past sexual behavior with persons other than the accused within seventy-two hours prior to the time of the offense is admissible to challenge the source of semen or injury, and evidence of past sexual behavior with the defendant is admissible to show the victim consented to the behavior.[1] In sexual assault cases involving an issue of prior false allegations of sexual assault, La. C.E. art. 412 may be viewed as being at odds with the long-established principle that "[a] witness' corruption may be evidenced by conduct indicating a general scheme to make false charges or claims." State v. Cappo, 345 So.2d 443, 445 (La. *202 1977). This is especially true in those cases, such as the one at issue, where there is no physical evidence of sexual assault and the outcome of trial hinges on the trier of fact's credibility determinations.
This court recently addressed the admissibility of prior allegations of sexually assaultive behavior in State v. Allen. There, defendant was charged with sexual molestation of his fourteen-year-old niece in violation of La. R.S. 14:81.2. Prior to trial, defendant filed an Article 412 motion seeking to introduce evidence that the victim had previously alleged she had been sexually molested by her maternal grandfather and that the victim's own father avoids his home because he fears being accused of molesting the victim. Additionally, defendant wanted to introduce evidence that the victim had been accused of molesting younger males. The trial judge, who is coincidentally the same judge involved in the instant appeal, denied defendant's motion without a hearing. The trial court held evidence that the victim had been accused of molesting other persons and was involved with persons other than the defendant was barred by La. C.E. art. 412. The court of appeal denied defendant's writ application. Subsequently, this court, recognizing that the trial court failed to specifically address defendant's argument regarding the admissibility of prior allegations of molestation, granted in part defendant's application for certiorari in a per curiam opinion. The opinion states in its entirety:
Granted in part, otherwise denied. The ruling of the trial court is vacated in part. The case is remanded to the trial court for a pre-trial evidentiary hearing on the issue of prior false allegations made by the victim. In the event the court determines there are prior false allegations of sexual molestation by the victim, the defendant shall be allowed to cross examine the victim and to present evidence regarding same at trial. See State v. Cappo, 345 So.2d 443, 445 (La. 1977).
State v. Allen, supra.
Thus, in the instant case, when accusations of prior false allegations surfaced, the trial judge, mindful of this court's earlier decision in Allen, held a hearing "under Code of Evidence Article 412" to determine whether prior false allegations of sexual molestation had, in fact, been made by the victim. Defendant argues that La. C.E. art. 412 is inapplicable to the instant situation as evidence that the victim had previously accused another male of molesting her and then quickly retracted those accusations is not evidence of past sexual behavior of the victim, but rather impeachment evidence used to attack the victim's credibility. We agree.
As previously discussed, Article 412 prevents the introduction of evidence of the victim's past sexual behavior, with certain limited exceptions. The statute defines "past sexual behavior" as "sexual behavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged." La. C.E. art. 412(F). It has also been described as "sexual history," although not limited to sexual intercourse. State v. Everidge, 96-2647 (La.12/2/97), 702 So.2d 680. Here, by attempting to introduce evidence that the victim had accused her cousin of molestation and then retracted the accusation, defendant was not seeking to prove that the victim had engaged in prior sexual behavior or that she had an unchaste character. Rather, defendant sought to prove for impeachment purposes that the victim had, in the past, made false allegations regarding sexual activity. Because the evidence defendant attempted to introduce did not concern the victim's prior sexual behavior, history or reputation for chastity, we conclude that prior false allegations of sexual assault by the victim do not constitute "past sexual behavior" for purposes of our rape shield statute.[2] We hold, therefore, *203 that Article 412 is inapplicable in sexual assault cases where defendant seeks to question witnesses regarding the victim's prior false allegations concerning sexual behavior for impeachment purposes. Consequently, no Article 412 hearing is required when defendant seeks to introduce such evidence. To the extent State v. Allen suggests otherwise, it is hereby overruled.
In this case, because the rape shield statute was inapplicable, an Article 412 hearing to determine whether the evidence of prior false allegations of molestation made by the victim was admissible should not have been held.[3] Instead, when considering the admissibility of such evidence, the question for the trial court is not whether it believed the prior allegations were false, but whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations. See Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (in ruling on the admissibility of other crimes evidence, the district court "neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance, [but] simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence"). In Ellison v. State, 198 Ga.App. 75, 400 S.E.2d 360, 361 (1990), the court reviewed a trial court's ruling that the defendant failed to carry his burden of proving that previous allegations were false. The court stated,
In our view, the trial court abused its discretion in determining that there was no reasonable probability that the prosecutrix had made prior false allegations. The prosecutrix admitted the prior accusation (albeit she did not concede that the accusation was false) and defendant presented the testimony of an independent third party that the prior accusation was false. Defendant could hardly have made a clearer showing. The trial court erred in excluding the defendant's evidence of prior false accusations.
Likewise, in the instant case, the victim admitted, and other witnesses agreed, that she had accused her cousin of improper sexual behavior. Defendant presented the testimony of M.S. who stated that shortly after making accusations which T.S. denied, the victim recanted those accusations. We conclude the evidence presented by defendant is sufficient to allow reasonable jurors to find that the victim has made false allegations of molestation in the past. As such, this evidence directly concerning the victim's credibility could have been admitted provided the trial court determined it met all other standards for admissibility.[4]

CONCLUSION
We find that La. C.E. art. 412 is inapplicable to cases involving prior false allegations of sexual behavior. When a defendant seeks to introduce evidence that the victim has made such prior false accusations, the trial judge must evaluate that evidence by determining whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations and whether all other requirements of the *204 Code of Evidence have been satisfied. Because the outcome of this case rested entirely upon the jury's perception of the victim's veracity, the trial court's ruling regarding the victim's prior false allegations of sexual molestation cannot be said to be harmless. Therefore, because defendant has been prejudiced by the confused and erroneous state of the law applied in his case and because his right to a fair trial has been impeded, we must reverse the conviction and remand the case to the trial court for a new trial to be held.
REVERSED AND REMANDED.
VICTORY, J., dissents. In my view the evidence should have been excluded under article 403 of the La. Code of Evidence.
NOTES
[*] CALOGERO, C.J., not on panel. See Rule IV, Part 2, Section 3.
[1] Federal Rule of Evidence 412 includes the two exceptions that are found in La. C.E. art. 412. Additionally, F.R.E. 412(b)(1) provides that evidence of a victim's past sexual behavior is admissible when such evidence is "constitutionally required to be admitted." Although La. C.E. art. 412 does not specifically contain this exception, the official comments recognize this additional exception in the Federal Rules of Evidence and state that La. C.E. art. 412, "like every Article in this Code is necessarily subject to constitutional requirements, and it has not been the general practice of this Code specifically to refer to them." La. C.E. art. 412, Comment (b).
[2] Such a conclusion is in accord with those reached in a number of other jurisdictions. See Miller v. State, 105 Nev. 497, 779 P.2d 87, 89 (1989) and cases cited therein; Clinebell v. Commonwealth, 235 Va. 319, 368 S.E.2d 263, 264 (1988) and cases cited therein; Commonwealth v. Bohannon, 376 Mass. 90, 378 N.E.2d 987, 991 (1978). See also F.R.E. 412, Advisory Committee Notes to the 1994 Amendments ("Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412.").
[3] We recognize that the trial judge held the Article 412 hearing because he read State v. Allen to require such a hearing although he personally (and correctly) believed Article 412 was inapplicable to the situation at hand:

Well, in Allen, ... I thought that it didn't fall under the requirements of 412 and they ordered me to have a hearing anyway.
[4] Of course, the introduction of such evidence is still subject to the requirements of La. C.E. arts. 403, 404, 607, 608 and 613.