812 So.2d 737 (2002)
STATE of Louisiana
v.
Reginald RICHARD.
No. 2001 KA 1112.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
Rehearing Denied April 1, 2002.
*738 Hon. Doug Moreau, District Attorney by Kim Landrum, Assistant District Attorney, Baton Rouge, for Appellee State of Louisiana.
Holli Herrie-Castillo, Louisiana Appellate Project, Marrero, for Defendant/Appellant Reginald Richard.
Before: FITZSIMMONS, DOWNING and LANIER, JJ.[1]
DOWNING, J.
The defendant, Reginald Richard, was charged by bill of information with sexual battery, a violation of La. R.S. 14:43.1. He pled not guilty, and the matter proceeded to trial
Prior to opening statements, the defendant changed his plea to "no contest to sexual battery of the infirm," a violation of La. R.S. 14:93.5. He reserved his right to appeal the trial court's rulings on issues appealable under State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to ten years imprisonment at hard labor, suspended the sentence and placed the defendant on active, supervised probation for five years.
He now appeals, urging two assignments of error:
(1) The trial court erred in granting the State's motion in limine.
(2) The trial court erred in denying the defendant's requested jury instruction.

STATEMENT OF FACTS
At the hearing in which the defendant changed his plea, counsel for the State recited for the Court a factual background to support the charge against the defendant. According to the State, the victim would have testified that on the night of September 3, 1999, the defendant came to her apartment. She told him that her roommate, his girlfriend, was not there and that he could not stay overnight. The next morning, she awoke to find him standing by her bed, rubbing her thigh. He was wearing only boxer shorts. He held her shoulder down on the bed, got into bed with her and placed his hand on her vagina under her clothes. At the same time, he also rubbed her thigh with his penis. She told him "no." She got out of bed, grabbed her can of mace and told him that she would spray him if he pursued her. She left her apartment in her nightgown. Barefoot, she went to her mother's house and told her mother what had happened.
*739 The victim's mother immediately reported the incident to the police, and the defendant was arrested that same day at the victim's apartment.
At the conclusion of the factual presentation, the State told the Court that because the victim had been sleeping at the time the sexual battery began, the defendant was being charged with sexual battery of the infirm under La. R.S. 14:93.5(3).

ASSIGNMENT OF ERROR NUMBER ONE
The State had filed a motion in limine seeking to exclude the testimony of a witness for the defendant. This witness testified at the hearing on the motion that he had been in an intimate relationship with the victim for approximately three months and that the victim had told him of two previous instances of possible sexual assault against her. The defendant intended to use this witness's testimony in order to impeach the credibility of the victim by showing that she had previously made false accusations of sexual assault.
In one instance, according to the witness, the victim told him that she was forced to quit her job because a co-worker pursued her quite aggressively. She allegedly told the witness that on one occasion, as she was leaving work, the co-worker began calling her name and chasing after her. As he attempted to grab her, she sprayed him with mace.
In the second instance the victim allegedly began to cry while at the apartment of the witness. At the time they were involved in an intimate relationship. The witness asked her why she was crying, and she would not tell him. He asked her if anyone had "done something" to her, and she would not respond. He then asked her if someone in her family had "done something" to her, and she burst into tears. The witness asked, "Your dad did something to you? Your step-dad?" The victim responded, "He's a nigger, ain't he?"
The victim was the only other witness to testify at the hearing. She denied having ever made these statements to the defense witness, and she denied that these incidents ever occurred.
The Louisiana Supreme Court has held that a defendant may present evidence for impeachment purposes pursuant to La. C.E. art. 607C that a victim "made false allegations regarding sexual activity." State v. Smith, 98-2045, pp. 3-5 (La.9/8/99), 743 So.2d 199, 201-203. The court held that La. C.E. art. 412, the so-called "rape shield statute," which prohibits the introduction of evidence of the victim's past sexual behavior, does not preclude the introduction of evidence of the victim's prior false accusations for impeachment purposes. Smith, 98-2045 at p. 3-6, 743 So.2d at 202-203. The Smith court stated:
When a defendant seeks to introduce evidence that the victim has made such prior false accusations, the trial judge must evaluate that evidence by determining whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations and whether all other requirements of the Code of Evidence have been satisfied.
State v. Smith, 98-2045 at p. 7, 743 So.2d at 203-204.
Two requirements, therefore, exist before evidence of prior sexual activity can be admitted for impeachment purposes, assuming this evidence is otherwise admissible. First, the activity must be of a sexual nature. Second, there must be evidence the statement is false. Id.
*740 Here, the first alleged statement from the victim is that a co-worker began calling her names and chased her. The second alleged statement, construed most broadly, is that her stepfather "did something" to her. We do not see how a juror or finder of fact could find either of these statements, taken alone, to be evidence of accusations of sexual activity.
Further, defendant presented absolutely no evidence that the statements, even if adequate, were false.
Accordingly, we find no error by the trial court in precluding defendant's evidence of alleged false accusation of sexual activity. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant contends that the trial court erred in denying his request for jury instructions advising the jury of sexual offender registration and reporting requirements under La. R.S. 15:542.
When a penalty imposed by statute is a mandatory one, the trial judge must inform the jury of the penalty on the request of the defendant. However, where the sentence is not mandatory and the court has the discretion to impose a sentence anywhere within the statutorily authorized range, the trial judge is not required to charge the jury on the authorized sentence, but may do so in his discretion. State v. Huls, 95-0541, p. 28 (La. App. 1 Cir. 5/29/96), 676 So.2d 160, 178.
The defendant admits that because the possible penalty for sexual battery is from zero to ten years imprisonment, it was within the trial court's discretion to decide whether to charge the jury regarding this sentence range. He urges, however, that because the reporting and registration requirements under La. R.S. 15:542 must be complied with by convicted sex offenders, they are "parallel" to a mandatory sentence and the jury must be informed of them at the defendant's request.
We agree with the trial judge that there is no mandatory sentence in this matter. The trial judge acted within his discretion in declining to give the requested jury instruction. The reporting and registration requirements were enacted not as a punishment, but rather to protect communities, aid police in their investigation of sex offenders and enable quick apprehension of sex offenders. See State ex rel. Olivieri v. State, XXXX-XXXX, p. 19 (La.2/21/01), 779 So.2d 735, 747, cert. denied, Olivieri v. Louisiana, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). The sex offender registration requirements are not "parallel" to a mandatory, non-discretionary term of imprisonment. While the requirements of La. R.S. 15:542 are mandatory, there simply is no authority to require that the jury be informed about them.
Accordingly, this assignment of error is without merit.

CONCLUSION
We affirm the conviction and sentence in this matter.
AFFIRMED.
FITZSIMMONS, J., concurs in the result and assigns reasons.
FITZSIMMONS, Judge, concurring in the result, with reasons.
I respectfully concur in the result. We must follow the provisions of La. C.E. art. 412. However, in confrontations without third party witnesses, fairness and justice require full disclosure to the jury of all relevant matters that test the credibility of the victim and the defendant. The court *741 must be vigilant in applying its restrictions in a fair and just manner.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.