CARTER, C.J.
| aThe defendant, Kenneth Freeman, was charged by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42. He pled not guilty and, following a trial by jury, was convicted as charged. The defendant was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, urging in a single assignment of error, that the trial court erred in preventing him from introducing evidence that the victim made an earlier false allegation of rape. Finding no merit in the assigned error, we affirm the defendant’s conviction and sentence.

FACTS

During the early morning hours of October 16, 2004, as the victim lay asleep on her couch, the defendant used a ladder to enter her apartment through the bathroom window. The victim did not know the defendant and had not given him permission to enter her residence. At trial, the defendant claimed he entered the residence because he was high on crack and was looking for something to steal. While it was undisputed that the defendant was armed with a knife when he entered the apartment and that a sexual encounter occurred, all other facts (including the vol-untariness of the sexual encounter) were in dispute.
*623 The victim testified that she was asleep on her couch when she heard a noise and then felt a presence in the room. She awakened to find the defendant standing before her with a white towel in his hand. The defendant placed the towel, which was soaked with bleach, over the victim’s head. According to the victim, the defendant then tied her hands behind her back |swith a latex glove he had been wearing. The defendant put a knife to the victim’s back and threatened to stab her if she screamed. When the victim asked the defendant what he wanted from her, the defendant replied, “money.” The defendant then proceeded to fondle the victim’s body, including her vaginal area. The defendant then forced the victim into the bedroom, instructed her to get on her knees, and placed his penis in her mouth. Once the victim failed to participate in the oral sexual encounter, the defendant removed his penis from her mouth and ordered her to get into the bed. The defendant then vaginally raped the victim. The victim testified that she did not consent to the sexual encounter. She explained that she did not resist because she feared the defendant would kill her. The victim claimed her arms remained tied behind her back throughout the entire encounter. Before leaving the apartment, the defendant took approximately $150.00 from the victim’s purse. The victim immediately contacted her mother and told her that she had been raped.
The victim subsequently identified the defendant from a photographic lineup. The defendant initially denied ever being in the victim’s home but later admitted to being present in the apartment, stating that the victim had invited him there.
At trial, the defendant provided a different account of the events. The defendant admitted that he broke into the victim’s apartment but claimed that the sexual encounter was consensual. He claimed he only intended to steal property from the apartment so that he could get more drugs. He testified that once he entered the apartment, he was shocked to see that someone was home. He immediately explained to the victim that he did not I ¿intend to harm her. He then placed the knife he was carrying (which he claimed he used only to open the window) on the kitchen counter. Thereafter, according to the defendant, the victim asked him to have sex with her. Although he believed it to be a strange request, the defendant agreed to participate. He denied ever tying the victim up or forcing her to have sex with him. The defendant further explained that at the conclusion of the sexual encounter he asked the victim for some money, and she gave it to him.
Officer Allen Ordeneaux of the Hammond Police Department testified that during the investigation of the incident, the victim stated that the defendant attempted to tie her hands behind her back but was unsuccessful. Officer Ordeneaux further testified that, in his opinion, it would have been impossible for the victim’s hands to be bound with the glove found at the scene.

ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant contends the trial court erred in prohibiting him from introducing evidence that the victim previously made a false allegation of rape. Specifically, the defendant intended to introduce evidence that the victim accused another man of kidnapping and raping her prior to the incident in question. The defendant also intended to introduce evidence that the accused in the prior case was acquitted of both charges following a bench trial. He further alleged that the evidence in the prior case was similar to the instant case in that both *624 cases contained positive DNA and photographs. On appeal, the defendant contends the trial court erred in not only-failing to make the initial 15determination of whether reasonable jurors could find, based on the evidence presented, that the victim made a prior false allegation, but also in excluding such evidence.
In a prosecution for sexually assaultive behavior, LSA-C.E. art. 412 prohibits the introduction of evidence of the victim’s past sexual behavior, with certain limited exceptions. “Past sexual behavior” is defined as sexual behavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged. LSA-C.E. art. 412 F. If a defendant wishes to offer evidence of past sexual behavior pursuant to one of the exceptions, he must file a motion stating his intent to do so. LSA-C.E. art. 412 C. The trial court must then hold a closed hearing to determine whether the offered evidence is admissible. LSA-C.E. art. 412 E.
Alternatively, the Louisiana Supreme Court has held that a defendant may present evidence that a victim made prior false allegations regarding sexual activity for impeachment purposes pursuant to LSA-C.E. art. 607 C. State v. Smith, 98-2045 (La.9/8/99), 743 So.2d 199. In Smith, the defendant was convicted of attempted indecent behavior with a juvenile. During trial, the defense counsel cross-examined the victim’s mother’s friend regarding similar accusations the victim had made against her cousin and allegedly recanted. The State thereafter moved to prevent any further such questioning in accordance with LSA-C.E. art. 412. After a hearing outside the jury’s presence, the trial court applied Article 412 and excluded any evidence of prior false allegations. The supreme court held that Article 412, the “rape shield statute” that prohibits the introduction of |r,evidence of the victim’s past sexual behavior, does not preclude the introduction of evidence of the victim’s prior false accusations for impeachment purposes. Smith, 743 So.2d at 202-203. The supreme court concluded that when a defendant seeks to introduce evidence that the victim made prior false allegations of molestation, the issue is one of credibility, and Article 412 is inapplicable. The Smith court stated:
When a defendant seeks to introduce evidence that the victim has made such prior false accusations, the trial judge must evaluate that evidence by determining whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made pri- or false accusations and whether all other requirements of the Code of Evidence have been satisfied.
Smith, 743 So.2d at 203-04.
Thus, two requirements exist before evidence of prior sexual activity can be admitted for impeachment purposes. First, the activity must be of a sexual nature. Second, there must be evidence that the statement is false. State v. Richard, 01-1112 (La.App. 1 Cir. 2/15/02), 812 So.2d 737, 739, writ denied, 02-1264 (La.11/22/02), 829 So.2d 1038. Assuming this initial burden is met, all other standards for the admissibility of evidence apply. Smith, 743 So.2d at 203.
Constitutional guarantees do not assure the defendant the right to the admissibility of any type of evidence, only that which is deemed trustworthy and has probative value. State v. Governor, 331 So.2d 443, 449 (La.1976). “Relevant evidence” is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. LSA-C.E. art. 401. The trial judge in deciding the issue of relevancy must determine whether the evi *625 dence bears a rational connection to the fact at issue in the case. State v. Williams, 341 So.2d 370, 374 (La.1976). Except as limited by the Code of Evidence and other laws, all relevant evidence is admissible and all irrelevant evidence is inadmissible. LSA-C.E. art. 402. Although relevant, evidence may nonetheless be excluded if the probative value is substantially outweighed by its prejudicial effect. See LSA-C.E. art. 403. A trial judge’s determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. State v. Easley, 432 So.2d 910, 912 (La.App. 1 Cir.1983).
In the instant case, the defendant filed a pretrial “Motion to Allow Evidence of Prior Allegations of Rape by the Complainant for Credibility Purposes.” At the hearing on the motion, the State and the defense stipulated to the existence and outcome of the prior case wherein the accused was acquitted of forcible rape and aggravated kidnapping charges. Following argument from both parties on the applicability of Smith, the trial court denied the motion. The court reasoned:
Okay. The [rape] shield statute is inapplicable and that’s why we’re having the hearing, because it’s being put forth to show credibility. I find the [Smith] case very much distinguishable from the case before me.
In the prior case there was evidence of recanting, and any reasonable jury could have found that she made prior false allegations.
In the present case what we have is a previous case that resulted in a finding of not guilty and [that] standing alone is not evidence that the victim was untruthful or recanted.
Stated differently, if a woman is raped in two separate occasions and the first trial results in a finding of not guilty, does that mean that the victim’s credibility is always going to be under attack in the second trial?
It’s very powerful and explosive evidence. I find specifically that it has some minimal relevance of a speculative | ^nature under Article 403, but its prejudicial effect to the prosecution overwhelmingly outweighs any evidentiary effect that it may have.
So, in this particular case, I will distinguish the previous case and prohibit evidence of the prior finding of not guilty and claim on the part of this victim.
The defendant asserts that in ruling on the motion in limine the trial court failed to make the requisite determination regarding whether reasonable jurors could find that the victim made prior false accusations of sexual abuse. However, the reasons establish that the trial court concluded that in the instant case, unlike Smith, a reasonable jury could not have found from the evidence adduced at the hearing that the victim made a prior false allegation.
In Smith, the victim admitted that she made prior accusations of improper sexual behavior, and two witnesses corroborated that fact. At least one independent witness testified that the victim recanted those accusations. Smith, 743 So.2d at 200-201, 203. As noted by the trial court, Smith is distinguishable from the instant case in that the defense herein offered no evidence that the victim ever retracted the prior allegation of abuse, and there was no independent witness to testify that the allegation was false. Instead, the defense argued that the mere fact that the trial on the prior allegations resulted in an acquittal indicated the victim’s allegations were false. We disagree. The fact that another individual accused of raping the victim was acquitted does not establish that the accu *626 sation against that individual was false. At best, this evidence proves only that the State failed to meet its burden of proving the offenses charged.
j9The evidence presented at the hearing, without more, was not sufficient evidence from which a jury could reasonably conclude that the victim made a prior false accusation of sexual behavior. Moreover, the trial court stated the evidence was otherwise inadmissible under LSA-C.E. art. 403. The trial court reasoned that the evidence was speculative and only minimally relevant, and its probative value would be greatly outweighed by its prejudicial effect.
In conclusion, we find the trial court did not err or abuse its discretion in denying the defendant’s motion and in excluding this evidence. This assignment of error lacks merit. For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.