PARRO, J.
| ¡>The defendant, Willie Dorsey, was charged by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42 (count 1), and aggravated incest, a *653 violation of LSA-R.S. 14:78.1 (count 2).[1] He pled not guilty. The defendant proceeded to trial. His first trial resulted in a deadlocked jury, and the district court declared a mistrial. The defendant filed a motion to quash, raising the issue of the constitutionality of non-unanimous jury verdicts, which the district court denied. Following a second jury trial, he was found guilty as charged. The defendant was sentenced on count 1 to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. He was sentenced on count 2 to twenty-five years of imprisonment at hard labor, and the sentences were ordered to run concurrently. The defendant now appeals, assigning two assignments of error. For the following reasons, we affirm his convictions and sentences, and we remand with instructions.

FACTS

In August 2007, twelve-year-old B.D. disclosed that her stepfather, the defendant, raped her multiple times.[2] At trial, B.D. testified that the abuse began when she was eight years old while she, her mother, her sister, and the defendant lived in New Orleans, Louisiana. The abuse continued when the family moved to Arkansas in 2005. In 2006, the family moved to Mt. Hermon, in the Parish of Washington, Louisiana, and the abuse continued to occur. The last incident took place before B.D. left for New Orleans to stay with relatives to whom she disclosed the abuse.

ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error, the defendant argues that the district court erred in refusing to delete a portion of his recorded statement. Specifically, he claims that the portion of his statement in which he requested the assistance of counsel and |sexercised his Fifth Amendment rights should have been deleted, because it was not relevant or probative of the volun-tariness of his statement.
Detective Jim Miller with the Washington Parish Sheriff’s Office conducted an interview with the defendant that was recorded and transcribed. Near the end of the interview, the defendant stated that he would “rather talk to an attorney.” As soon as the defendant made it clear that he wanted the assistance of counsel before he answered any more questions, Detective Miller concluded the interview. Before trial, defense counsel moved to have this portion of the statement deleted, arguing that it tainted the credibility of the defendant, was prejudicial, and was not probative. The state responded and contended that playing this portion of the statement would show that Detective Miller honored the rights of the defendant. The district court agreed with the state and refused to delete that portion of the defendant’s statement.
The defendant cites Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), in support of his argument. However, his reliance on Doyle is misplaced. In Doyle, the United States Supreme Court held that the use for impeachment purposes of a defendant’s silence at the time of arrest, after receiving Miranda warnings, violated the Due Process Clause *654 of the Fourteenth Amendment. Doyle, 426 U.S. at 615-19, 96 S.Ct. at 2243-45. In the instant case, the defendant did not remain silent after he received his Miranda warnings, nor did the state attempt to use the defendant’s request for assistance of counsel for impeachment purposes.
“Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.” LSA-R.S. 15:450. “Before what purports to be a confession can be introduced into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.” LSA-R.S. 15:451. When a ruling on a motion to suppress a confession or statement is adverse to the defendant, the state shall be required, pri- or to presenting the confession |4or statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the confession or statement for the purpose of enabling the jury to determine the weight to be given the confession or statement. LSA-C.Cr.P. art. 703(G).[3]
In refusing to delete that portion of the defendant’s statement, the district court noted that it was “important to keep [it] in” because it showed that “Detective Miller acted with integrity and acted with regard for [the] defendant’s rights.” The district court also opined that there was probative value in that portion of the defendant’s statement and that the jurors could make a determination regarding Detective Miller’s credibility based on how he treated the defendant. Concluding that the probative value was substantially outweighed by any prejudicial effect, the court stated that the portion at issue was probative “because it would go to the overall weight that would be given the statement whether there has been any coercion, duress, whether it was voluntary, those types of things that are still at issue.”
We see no reason to disturb the district court’s ruling. A district court’s determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. See State v. Freeman, 07-0470 (La. App. 1st Cir.9/14/07), 970 So.2d 621, 625, writ denied, 07-2129 (La.3/14/08), 977 So.2d 930. Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 2

In his second assignment of error, the defendant argues that LSA-Const. art. I, § 17(A), which allows for non-unanimous jury verdicts, violates equal protection under the Fourteenth Amendment of the United States Constitution and LSA-Const. art. I, § 3. Specifically, the defendant contends that the enactment of LSA-Const. art. I, § 17(A) was motivated by an express and overt desire to discriminate and has had a racially discriminatory impact since its adoption.
LThe punishment for aggravated rape is life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. See LSA-R.S. 14:42(D)(2)(b). Article I, § 17(A) of the Louisiana Constitution and Louisiana Code of Criminal Procedure article 782(A) provide that, in cases where punishment is necessarily at hard labor, the case shall be *655 tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Under both state and federal jurisprudence, a criminal conviction by a less than unanimous jury does not violate the right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Belgard, 410 So.2d 720, 726-27 (La.1982); State v. Shanks, 97-1885 (La.App. 1st Cir.6/29/98), 715 So.2d 157,164-65.
Contrary to the defendant’s assertion that this issue has not been addressed by any court, this court and the Louisiana Supreme Court have previously rejected the argument that Article I, § 17(A) violates the right to equal protection. See State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738, 742-43; State v. Smith, 06-0820 (La.App. 1st Cir.12/28/06), 952 So.2d 1, 16, writ denied, 07-0211 (La.9/28/07), 964 So.2d 352. In Bertrand, the Louisiana Supreme Court specifically found that a non-unanimous twelve-person jury verdict is constitutional and that Article 782 does not violate the Fifth, Sixth, and Fourteenth Amendments.[4] Moreover, the Bertrand court rejected the argument that non-unanimous jury verdicts have an insidious racial component and pointed out that a majority of the United States Supreme Court also rejected that argument in Apo-daca.[5] Although Apodaca was a plurality rather than a majority decision, the United States Supreme Court has cited or discussed the opinion various times since its issuance and, on each of these occasions, it is apparent that its |fiholding as to non-unanimous jury verdicts represents well-settled law. See Bertrand, 6 So.3d at 742-43. Thus, Louisiana Constitution article I, § 17(A) and Louisiana Code of Criminal Procedure article 782(A) are not unconstitutional and, therefore, not in violation of the defendant’s federal constitutional rights. See State v. Hammond, 12-1559 (La.App. 1st Cir.3/25/13), 115 So.3d 513, 514-15. Accordingly, this assignment of error is without merit.

SENTENCING ERROR

In accordance with LSA-C.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See State v. Price, 05-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, 123 (en banc), writ denied, 07-0130 (La.2/22/08), 976 So.2d 1277. After a careful review of the record, we have found a sentencing error with respect to count 2.
Under the facts of this case, the sentencing range for aggravated incest was imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. LSA-R.S. 14:78.1(D)(2). The defendant was sentenced to twenty-five years of imprisonment at hard labor on count 2. However, LSA-R.S. 14:78.1(D)(2) provides that at least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. The district court failed to specify *656 that the defendant’s twenty-five-year sentence was to be served without benefits. Pursuant to LSA-R.S. 15:301.1(A), if a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. Nevertheless, LSA-R.S. 15:301.1(A) cannot apply where the district court must exercise discretion concerning any portion of the sentence that is to be served without benefit of probation, parole, or suspension of sentence. In the instant case, however, because the minimum sentence of twenty-five years was imposed and at least twenty-five years 17of the sentence had to be served without benefit of probation, parole, or suspension of sentence, no discretion was involved. Thus, LSA-R.S. 15:301.1(A) is applicable, and the defendant’s twenty-five-year sentence is deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. Therefore, we remand this matter to the district court for correction of the minute entry and commitment order, in accordance with this opinion.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS.

. The defendant was originally charged with two counts of aggravated rape (count 1 related to B.D. and count 2 related to another victim) and two counts of aggravated incest (neither count designated a victim). Prior to trial, the state advised that it would only proceed with one count of aggravated rape and one count of aggravated incest, both related to B.D.

. The minor victim in this matter is referenced only by her initials. See LSA-R.S. 46:1844(W)(3).

. Prior to the first trial, the defendant filed a motion to suppress the statement. The hearing on the motion was deferred to the trial. The issue of the admissibility of the statement was not raised again at the second trial.

. In Bertrand, the supreme court only considered Article 782, while the defendant in the instant case attacks Article I, § 17(A) itself. We find this approach to be a distinction without a difference, because Article 782 closely tracks the language of Article I, § 17(A).

. Apodaca involved a challenge to the non-unanimous jury verdict provision of Oregon’s state constitution. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with Apodaca, also upheld Louisiana’s then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.