WRIT GRANTED; REMANDED
In this criminal proceeding involving defendant's charge of sexual battery of a minor under the age of thirteen, pursuant to La. R.S. 14:43.1, relator, the State of Louisiana, seeks review of the trial court's denial of its motion in limine . In its motion, the State sought to exclude evidence that the minor victim's mother previously made an allegedly false accusation of sexual abuse pertaining to her other minor daughter against that daughter's biological *989 father, resulting in a civil lawsuit. Following oral argument on the matter, the trial court denied the State's motion.
As a general rule, a party may attack the credibility of a witness by examining him or her concerning any matter having a reasonable tendency to disprove the truthfulness of his or her testimony. La. C.E. art. 607(C). In cases involving sexually assaultive behavior, however, La. C.E. art. 412 bars the introduction of evidence of the victim's past sexual behavior, except under limited circumstances as set forth in the Article. Nevertheless, the Louisiana Supreme Court has held that Article 412 is "inapplicable in sexual assault cases where defendant seeks to question witnesses regarding the victim's prior false allegations concerning sexual behavior for impeachment purposes." State v. Smith , 98-2045 (La. 9/8/99), 743 So.2d 199, 203.
In considering a motion in limine seeking to admit or exclude such evidence, the trial judge must evaluate the evidence presented to "determine whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations." Id. The Smith holding[1] contemplates an evidentiary hearing, at which the defendant introduces evidence to the trial court for a determination as to whether that evidence may be admitted or excluded under the applicable evidentiary rules.
In this matter-where the evidence sought to be excluded is a prior allegedly false accusation by the victim's mother, who was the reporter of abuse in this case-the defense must come forward with the evidence it seeks to introduce, which must in this case reflect both a prior accusation of abuse orchestrated by the minor victim's mother as well as sufficient evidence to enable the trial judge to determine whether a "reasonable juror[ ] could find" that the prior accusation of abuse was false. Smith, supra . The Louisiana Supreme Court has instructed that "when considering the admissibility of such evidence, the question for the trial court is not whether it believed the prior allegations were false, but whether reasonable jurors could find, based on the evidence presented by defendant, that the victim had made prior false accusations." Smith , 743 So.2d at 203. We recognize that the victim in this case is not the victim alleged to have made a false prior accusation of sexual abuse. However, we find the Smith analysis applicable in this case, where the two victims are minors and presumably the reporter of the abuse is the same individual, the minors' mother.
The documents submitted in connection with the State's writ application reflect that an evidentiary hearing did not occur. The trial court considered oral argument only and neither the State nor the defendant introduced evidence for the trial judge to consider in ruling upon its admissibility under Smith, supra . Without any evidence to consider, the trial judge is unable to make a determination as to "whether reasonable jurors could find...that the victim had made prior false accusations." Id. Given the pre-trial posture of this case, we grant this writ application, vacate the trial court's ruling on the State's motion in limine , and remand this matter to the trial court for an evidentiary hearing. At this hearing, it is incumbent upon the defense to introduce sufficient evidence for the trial judge to consider and make a determination as to its admissibility under Smith , supra , and its progeny.