CHEHARDY, C.J.
On appeal, defendant challenges the trial court's ruling on the State's motion in limine regarding prior reports of abuse that did not lead to prosecution. For the following reasons, we affirm defendant's conviction and sentence.
Procedural History
On July 27, 2017, a Jefferson Parish Grand Jury returned an indictment charging defendant, Jose Moreno Cervantes a/k/a Ivan Moreno, with first degree rape of a known juvenile, J.G.,[1] where the victim was under the age of thirteen, in violation of La. R.S. 14:42.[2] Defendant pled not guilty at his arraignment on July 28, 2017.
On April 30, 2018, trial before a twelve-person jury commenced. After two days of testimony and evidence, the jury unanimously returned a verdict of guilty as charged. On May 7, 2018, the trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and notified defendant of his lifetime obligation to register as a sex offender in accordance with La. R.S. 15:540, et seq. After sentencing, the trial court granted defendant's motion for appeal.
*571 Facts
On August 26, 2015, Dana Williams-Sanders, who is social worker at several elementary schools in Jefferson Parish, saw J.G., a former student at her school, walking to school with her sister. Ms. Williams-Sanders observed that J.G. - a twelve-year-old sixth grader - was noticeably pregnant. Ms. Williams-Sanders reported her observations to the elementary school officials, who alerted the police, child protection, and a health services clinic.
On August 31, 2015, Detective Tyler Lopez of the Westwego Police Department met with J.G. and her mother, T.A., who reported that the mother's ex-boyfriend, Jose Cervantes a/k/a Ivan Moreno, had impregnated J.G. On September 14, 2015, Erica Dupepe of the Children's Advocacy Center interviewed J.G., who disclosed that defendant had raped her three times.
At trial, J.G., who was, by then, fifteen years old, testified that defendant did a "bad thing" to her three times. J.G. indicated that the first incident occurred when she was twelve years old. That day, she was in her bedroom coloring while her mother was taking a shower and her sisters were playing outside. That time, defendant came into her room, touched her chest, pulled down her pants, and put his "private part" inside her "front part." She testified that she cried while "it" happened, which was a long time. After defendant stopped, he just went back into her mother's room. J.G. did not tell anyone because she was afraid defendant was going to hurt her.
J.G. testified that the second incident occurred in her mother's car when defendant, his friend, she, and her sisters were going to Wal-Mart to buy groceries for her mother. After defendant dropped her sisters and his friend at Walmart, he drove J.G. to the back of a nearby apartment complex, got into the backseat with her, and put his "private part" into her. Afterwards, defendant went to a nearby fast food restaurant and bought food so that he could tell the others that he had left to get J.G. something to eat.
J.G. testified that the final incident took place when she accompanied defendant to Brother's Food Mart because he said he would buy her candy. She stated that "the same thing" happened in defendant's car.
J.G. further testified that she did not know that she was pregnant until her mother brought her to see the pediatrician in August. There, she learned that she was eight months pregnant at twelve years old.
On September 28, 2015, J.G. gave birth to a baby boy. After the child's birth, JPSO obtained buccal swabs for DNA testing from J.G. and her baby. When defendant was eventually apprehended in July of 2016, DNA testing admitted at trial revealed that there was a 99.99% chance that defendant was the father of J.G.'s child. Based on the foregoing testimony and evidence, the jury unanimously found defendant guilty of first degree rape of a victim under thirteen years of age.
Discussion
In his sole assignment of error on appeal, defendant argues that the trial court erred in granting the State's motion in limine to exclude allegations of sexual assault previously made by J.G. against another individual, which did not result in criminal charges against that individual. Defendant maintains that the evidence he presented at the hearing on the State's motion in limine was sufficient to establish that reasonable jurors could have found J.G. had previously made a false allegation of sexual assault, which could be admissible at his trial to call into question J.G.'s credibility. He surmises that, if he had been allowed to question J.G. about *572 her prior accusations of sexual assault, the jury may have realized that the rape claim against him was false and that the affidavit regarding self-insemination[3] was actually true.
In this case, the State filed a motion to exclude evidence of the victim's prior allegation of sexual assault. In that allegation, J.G. alleged that another adult male had sexually abused her but the Jefferson Parish District Attorney's office did not proceed with prosecuting that man. In its motion, the State averred that the District Attorney's refusal to prosecute does not prove the allegation to be false, which supports excluding evidence of that allegation.
At a hearing on its motion in limine , the State argued that any alleged "inconsistent statements" made by J.G.-a child-do not prove that the allegation was false. To rebut the motion in limine , defense counsel introduced into evidence numerous police reports from the incident in question, including the initial report in which J.G. told a police officer that an adult male ordered her to take her clothes off and, after she was naked, touched her stomach with his penis. According to the initial report, the victim's mother also advised that she observed J.G. naked and on top of an adult male.
In subsequent reports, the details of the victim's mother's allegation changed: in a second report, the victim's mother stated that her daughter was wearing underwear at the time of the alleged incident; in the third report, the victim's mother returned to her story that J.G. was naked; and, in the fourth report, the victim's mother later stated that she observed J.G. sitting on the adult male's lap wearing a t-shirt and underwear.
Likewise, the victim's account changed over time: in her first report to a clinician, J.G. informed Dr. Jamie Jackson at Children's Hospital that her underwear were off when her mother walked into the room and the alleged abuser was "almost about to do what the grownups do;" in a second police report, J.G. reported that she could not remember if the alleged abuser's genitals were exposed; in the third report, J.G. advised that she was dressed when the alleged abuser exposed his genitals to her; and in a fourth report, J.G. reported again that the alleged abuser told her to remove her clothes, straddle him, and then touched her stomach with his penis.
Finally, on November 9, 2015, the victim's mother submitted a letter to the Jefferson Parish District Attorney, stating that she wished to withdraw the charges of incident behavior with a juvenile against the alleged abuser. The District Attorney's office dismissed the charges against the alleged abuser.
After listening to the evidence presented, the trial court took the matter under advisement but noted the fact that "a mother makes an allegation, a child makes a statement, the child may have a fuzzy memory, that in and of itself does not arise to an unsubstantiated false accusation. The fact that the D.A. refused the charge does not arise to a false accusation which is unsubstantiated." Prior to the start of trial, *573 the court granted the State's motion in limine .
As a general rule, a party may attack the credibility of a witness by examining him or her concerning any matter having a reasonable tendency to disprove the truthfulness of his or her testimony. La. C.E. art. 607(C). In cases involving sexually assaultive behavior, however, La. C.E. art. 412 bars the introduction of evidence of the victim's past sexual behavior, except under limited circumstances as set forth in the article. Specifically, La. C.E. art. 412 prohibits evidence regarding the past sexual behavior of the victim in sexual assault cases, except: (1) when there is an issue of whether the accused was the source of semen or injury, and (2) when the past sexual behavior is with the accused and there is an issue of whether the victim consented to the charged sexually assaultive behavior.
La. C.E. art. 412 does not apply when a defendant attempts to use evidence of a victim's false allegations of improper sexual behavior to impeach the victim's credibility. State v. Smith , 98-2045 (La. 9/8/99), 743 So.2d 199, 202-03. However, the admissibility of such evidence is still subject to all other standards for admissibility under La. C.E. arts. 403, 404, 607, 608, and 613. State v. Bolden , 03-0266 (La. App. 5 Cir. 7/29/03), 852 So.2d 1050, 1061-62 ; State v. Wallace , 00-1745 (La. App. 5 Cir. 5/16/01), 788 So.2d 578, 587, writ denied , 01-1849 (La. 5/24/02), 816 So.2d 297.
In considering a motion in limine seeking to admit or exclude such evidence, the trial judge must evaluate the evidence presented to determine whether reasonable jurors could find, based on the evidence presented by the defendant, that the victim had made prior false accusations. Smith , 743 So.2d at 203.[4] Assuming that burden has been met, all other standards for the admissibility of evidence apply. Id. ; See also La. C.E. arts. 403, 404, 607, 608 and 613. The trial court's determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion.[5] State v. Hernandez , 11-712 (La. App. 5 Cir. 4/10/12), 93 So.3d 615, 628, writ denied , 12-1142 (La. 9/28/12), 98 So.3d 834.
Additionally, while a defendant has a constitutional right to present a defense, constitutional guarantees do not assure the defendant the right to the admissibility of any type of evidence but rather only that which is deemed trustworthy and has probative value. State v. Governor , 331 So.2d 443, 449 (La. 1976) ; State v. Gaal , 01-376 (La. App. 5 Cir. 10/17/01), 800 So.2d 938, 950, writ denied , 02-2335 (La. 10/3/03), 855 So.2d 294.
*574 This Court has consistently upheld the trial court's grant of the State's motion in limine , where the victim has not recanted the earlier allegation and there is no independent witness to testify that the allegation was false. See, State v. Gros , 17-374 (La. App. 5 Cir. 2/21/18), 239 So.3d 448, 452, writ denied , 18-0473, 2018 LEXIS 3427 (La. 12/17/18), 2018 WL 6630262; State v. Bryant , 12-591 (La. App. 5 Cir. 2/21/13), 110 So.3d 1191, writ denied , 13-0648 (La. 10/11/13), 123 So.3d 1218.
Here, we find no abuse of the trial court's discretion in granting the State's motion in limine prohibiting defendant from questioning J.G. about her allegation of sexual abuse against an individual other than defendant. First, we find that the evidence does not reveal that any of the exceptions in La. C.E. art. 412(A)(2)[6] apply in this case: the DNA testing confirms that defendant is the child's father so there is no issue as to whether defendant was the source of semen or injury and there is no question of consent as the victim was under the age of thirteen at the time of the crime.[7] Second, at the hearing on the motion, defendant only argued that the victim's reports of the other allegation were inconsistent, which is not evidence that the victim's prior allegation of abuse was false. Accordingly, this assignment of error lacks merit.
Errors Patent
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The review reveals no errors patent in this case.
Conclusion
Based on the foregoing, we find no merit in defendant's assignment of error. We hereby affirm defendant's conviction and sentence.
AFFIRMED.

At the time on the incidents in question, J.G., whose date of birth is January 23, 2003, was eleven or twelve years old. In the interest of protecting minor victims and victims of sexual offenses as set forth in La. R.S. 46:1844(W)(3), the judges of this Court have adopted a policy that this Court's published work will use only initials to identify the victim and any defendant or witness whose name can lead to the victim's identity. State v. Ross , 14-84 (La. App. 5 Cir. 10/15/14), 182 So.3d 983, 985 n.3.

After the offense in this case, La. R.S. 14:42 was amended in 2015 by La. Act No. 184, to rename the offense of aggravated rape to first degree rape.

At trial, the defense called Jefferson Parish Assistant District Attorney Laura Schneidau, who interviewed the victim and her mother when Ms. Schneidau was a screener for the District Attorney's office. Ms. Schneidau reported that, in December of 2016, the victim's mother signed an affidavit swearing that defendant did not have sex with the victim and that the victim had impregnated herself with a used condom. Ms. Schneidau testified that she questioned the veracity of the affidavit because the victim, when questioned, could not provide any details to explain the mechanics of using a condom to impregnate one's self.

In Smith , supra , the victim admitted that she made prior accusations of improper sexual behavior and two witnesses corroborated that fact. At least one independent witness testified that the victim recanted those accusations. Smith , 743 So.2d at 200-01, 203. Smith is distinguishable from the instant case because there is no evidence that J.G. has retracted the prior allegation, and there is no independent witness to testify that the allegation was false.

"Relevant evidence" is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. La. C.E. art. 401. The trial judge in deciding the issue of relevancy must determine whether the evidence bears a rational connection to the fact at issue in the case. State v. Williams , 341 So.2d 370, 374 (La. 1976). Except as limited by the Code of Evidence and other laws, all relevant evidence is admissible and all irrelevant evidence is inadmissible. La. C.E. art. 402. Although relevant, evidence may nonetheless be excluded if the probative value is substantially outweighed by its prejudicial effect. See La. C.E. art. 403.

La. C.E. art. 412(A) reads, in pertinent part:
When an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible, ... except for: (a) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; ... or (b) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.

Consent is not an element that must be proven in the crime of first degree rape of a child under thirteen years old. La. R.S. 14:42. Further, a child under twelve years of age is not capable of giving consent to sexual intercourse. State v. Folden , 135 La. 791, 795, 66 So. 223, 225 (1914)citing State v. Tilman , 30 La. Ann. 1249, 31 Am. Rep. 236 ; State v. Miller , 42 La. 1186, 8 So. 309, 21 Am. St. Rep. 418 ; and State v. Jackson , 46 La. 547, 15 So. 402.