PETTIGREW, J.
LThe defendant, Shawn E. Hammond, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1 (count 1) and attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1 (count 2).[1] He pled not guilty and, following a jury trial, was found guilty of second degree murder.[2] He filed a motion for postverdict judgment of acquittal and a motion for new trial, both of which were denied. He was then sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
On November 26, 2007, Annette Gordon and Eric Frick were on the front porch of their home when Gordon saw two men, later identified as the defendant and Brandon Davis, standing on the sidewalk. The defendant approached the house, said his truck had broken down, and asked to use a phone, while Davis stood a few steps behind him on the walkway leading to the porch. Gordon gave her cell phone to the defendant and went inside the house. After entering the house, she heard what she thought was a firecracker. She ran to the front of the house, opened the front door, and saw Frick lying on the front porch steps. Frick died shortly thereafter from a gunshot wound. Gordon went back into the house and locked the door. She then looked down, saw blood, and discovered that she had been shot in the hand, apparently by a bullet that entered the home through a side window. She immediately called 9-1-1. The defendant and Davis left the scene. Investigations led the police to the defendant and Davis, and Gordon identified the defendant as the man who approached her home and asked to use her |sphone. After a jury trial, the defendant was convicted of second degree murder by a ten to two non-unanimous verdict.
NON-UNANIMOUS JURY VERDICT
In two related assignments of error, the defendant argues that Louisiana Constitution article I, § 17 A, that allows for non-unanimous jury verdicts, violates the right to a jury trial and the right to equal protection of the laws guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.[3] Specifically, the defendant argues that the enactment of its source provision in the Louisiana Constitution of 1898 was motivated by an express and overt desire to discriminate on the basis of race.
The punishment for second degree murder is life imprisonment at hard labor *515 without the benefit of parole, probation, or suspension of sentence. See La. R.S. 14:30.1 B. Article I, § 17 A and Louisiana Code of Criminal Procedure article 782(A) provide that in cases where punishment is necessarily at hard labor, the case shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Under both state and federal jurisprudence, a criminal conviction by a less than unanimous jury does not violate the right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment. See Apodaca v. Oregon, 406 U.S. 404, 406, 92 S.Ct. 1628, 1630, 32 L.Ed.2d 184 (1972); State v. Belgard, 410 So.2d 720, 726-27 (La.1982); State v. Shanks, 97-1885, pp. 15-16 (La.App. 1 Cir. 6/29/98), 715 So.2d 157, 164-165.
This court and the Louisiana Supreme Court have previously rejected the argument raised in defendant’s assignments of error. See State v. Bertrand, 2008-2215, pp. 6-7 (La.3/17/09), 6 So.3d 738, 742-43; State v. Smith, 2006-0820, pp. 23-24 (La.App. 1 Cir. 12/28/06), 952 So.2d 1, 16, writ denied, 2007-0211 (La.9/28/07), 964 So.2d 352. In \ ¿Bertrand, the Louisiana Supreme Court specifically found that a non-unanimous twelve-person jury verdict is constitutional and that Article 782 does not violate the Fifth, Sixth, and Fourteenth Amendments.[4] Moreover, the Bertrand court rejected the argument that non-unanimous jury verdicts have an insidious racial component and pointed out that a majority of the United States Supreme Court also rejected that argument in Apo-daca,[5] Although Apodaca was a plurality rather than a majority decision, the United States Supreme Court has cited or discussed the opinion various times since its issuance and, on each of these occasions, it is apparent that its holding as to non-unanimous jury verdicts represents well-settled law. Bertrand, 2008-2215 at 6-7, 6 So.3d at 742-743. Thus, Louisiana Constitution article I, § 17 A and Louisiana Code of Criminal Procedure article 782(A) are not unconstitutional and, therefore, not in violation of the defendant’s federal constitutional rights.
Accordingly, these assignments of error are without merit.
CONVICTION AND SENTENCE AFFIRMED.

. Co-defendant Brandon Davis was charged by the same bill of information, tried with the defendant, and convicted of second degree murder. He has filed a separate appeal with this court. See State v. Davis, 2012-1391 (La.App. 1st Cir.3/22/13) (unpublished opinion).

. The state nol-pressed count 2.

.We question whether the defendant properly raised the issue in the court below, reserving it for appellate review, because he did not file any pretrial motions to declare the complained-of provision to be unconstitutional. Nevertheless, because the issue was raised in the district court in the defendant’s supplemental motion for new trial, we will address its merit.

. In Bertrand, the court only considered Article 782, while the defendant in the instant case attacks Article I, § 17 A itself. We find this approach to be a distinction without a difference because Article 782 closely tracks the language of Article I, § 17 A.

. Apodaca involved a challenge to the non-unanimous jury verdict provision of Oregon’s state constitution. Johnson v. Louisiana, 406 U.S. 356, 360, 92 S.Ct. 1620, 1623-1624, 32 L.Ed.2d 152 (1972), decided with Apodaca, also upheld Louisiana’s then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.