NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 KA 0471

STATE OF LOUISIANA

VERSUS

ROBERT GEORGE GARNER JR.

Decision Rendered: __NOV 1 5 2019__

* * * * * * *

APPEALED FROM THE 22nd JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 603,627, DIVISION D

HONORABLE PETER J. GARCIA, JUDGE

* * * * * * *

Warren L. Montgomery
District Attorney
and
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana

Bertha M. Hillman
Louisiana Appellate Project
Covington, Louisiana

Attorney for Defendant/Appellant
Robert George Garner Jr.

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

The State charged the defendant, Robert George Garner, Jr., by bill of information with domestic abuse battery by strangulation, a violation of La. R.S. 14:35.3L. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The State filed a habitual offender bill of information.[1] The district court adjudicated the defendant a third-felony habitual offender and sentenced him to five years imprisonment at hard labor, without benefit of probation or suspension of sentence. The defendant now appeals, designating one assignment of error. We affirm the conviction, habitual offender adjudication, and sentence.

## FACTS

On May 13, 2018, Erin Garetto and her boyfriend, the defendant, were at their home in Folsom. According to Ms. Garetto, they were sitting on their bed, and the defendant was complaining about her. The defendant then hit Ms. Garetto in the head, causing her to fall back on the bed, with her head hanging over the side of the bed. The defendant began choking Ms. Garetto with both hands, and she could not breathe. When the defendant stopped choking her, she ran to the laundry room to call 911. The defendant followed her, grabbed her phone, threw it, and "stomped all over it." Later that day, Ms. Garetto picked up her son from work and told him that it was "over" between her and the defendant. When they got home, the defendant took Ms. Garetto's car keys from her. Ms. Garetto's son called his father, who called the police. Ms. Garetto got her keys back and drove to Main's Market in Folsom to meet with the police. The defendant was arrested later that day.

The defendant did not testify at trial.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the district court erred in accepting a non-unanimous jury verdict, that is, that 11 of 12 jurors voted to convict him. The defendant argues that a unanimous verdict is required under the Sixth Amendment. Specifically, the defendant contends that La. Const. art. I, §17A and La. C.Cr.P. art. 782A,

---

[1] The defendant has prior felony convictions for illegal use of a weapon and aggravated burglary (by battery).

2

providing for non-unanimous jury verdicts for offenses necessarily punishable at hard labor that were committed before January 1, 2019, violate the Equal Protection Clause of the United States Constitution's Fourteenth Amendment.[2]

## DISCUSSION

It is well-settled that an appellate court may not consider a constitutional challenge unless it was properly pleaded and raised in the district court below. A party must raise the unconstitutionality in the district court, must specially plead unconstitutionality, and must particularize the grounds outlining the basis of unconstitutionality. *State v. Hatton*, 07-2377 (La. 7/1/08), 985 So.2d 709, 718-19. In this case, the defendant failed to raise his challenge to La. Const. art. I, §17A and La. C.Cr.P. art. 782A in the district court. Accordingly, the issue is not properly before this court. *See State v. Talley*, 18-1300 (La. App. 1 Cir. 5/9/19), 277 So.3d 397, 408.

Moreover, we note that La. Const. art. I, §17A and La. C.Cr.P. art. 782A provide that, in cases where punishment is necessarily at hard labor and the offense was committed before January 1, 2019, the matter shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Under both state and federal jurisprudence, a criminal conviction by a less than unanimous jury does not violate a defendant's right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment. *See Apodaca v. Oregon*,[3] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); *State v. Belgard*, 410 So.2d 720, 726 (La. 1982); *State v. Shanks*, 97-1885 (La. App. 1 Cir. 6/29/98), 715 So.2d 157, 164-65. *See also State v. Smith*, 06-0820 (La. App. 1 Cir. 12/28/06), 952 So.2d 1, 15-16; *State v. Caples*, 05-2517 (La. App. 1 Cir. 6/9/06), 938 So.2d 147, 156-57.

---

[2] We recognize that *State v. Ramos*, 16-1199 (La. App. 4 Cir. 11/2/17), 231 So.3d 44, *writs denied*, 17-2133 (La. 6/15/18), 257 So.3d 679, 17-1177 (La. 10/15/18), 253 So.3d 1300, *cert. granted*, 139 S.Ct. 1318, 203 L.Ed.2d 563 (2019), is currently before the United States Supreme Court, which may address the issue of whether the Sixth Amendment's unanimous jury verdict requirement applies to the states through application of the Fourteenth Amendment. However, as stated by the Louisiana Supreme Court in *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738, 743, under current jurisprudence from the U.S. Supreme Court, non-unanimous twelve-person jury verdicts are constitutional. As an intermediate court, we are bound by that precedent. *State v. Curry*, 18-1764 (La. App. 1 Cir. 9/27/19), ___ So.3d ___, ___, 2019 WL 4729508 *8, n.5.

[3] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

In *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738, 743, the Louisiana Supreme Court found that a non-unanimous twelve-person jury verdict is constitutional and that La. C.Cr.P. art. 782 does not violate the Fifth, Sixth, and Fourteenth Amendments. Thus, while *Apodaca* was a plurality rather than a majority decision, the United States Supreme Court, as well as other courts, have cited or discussed the opinion various times since its issuance and, on each of these occasions, it is apparent that its holding as to non-unanimous jury verdicts represents well-settled law. *Bertrand*, 6 So.3d at 742-43. Thus, La. Const. art. I, §17A and La. C.Cr. P. art. 782A are not unconstitutional and, therefore, not in violation of the defendant's constitutional rights. *State v. Hammond*, 12-1559 (La. App. 1 Cir. 3/25/13), 115 So.3d 513, 514-15, *writ denied*, 13-0887 (La. 11/8/13), 125 So.3d 442, *cert. denied*, 572 U.S. 1090, 134 S.Ct. 1939, 188 L.Ed.2d 965 (2014). *See Talley*, 277 So.3d at 408, n.6. The defendant's assignment of error is without merit.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**